**Joseph GRIFFIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21495.**

United States Court of Appeals

District of Columbia Circuit.

Argued Oct. 14, 1968.

Decided Nov. 21, 1968.

Mr. Morris J. Levin, Washington, D. C., with whom Mr. Richard R. Paradise, Washington, D. C. (both appointed by his court) was on the brief, for appellant.

Mr. James E. Kelley, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold J. Sullivan, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

FAHY, Senior Circuit Judge:

Appellant was indicted for second degree murder and for carrying a dangerous weapon without a license, the former under 22 D.C.Code § 2403 (1967), the latter under 22 D.C.Code § 3204 (1967). He was convicted of both offenses. When the trial had progressed through the testimony of an eyewitness called by the United States, who gave his description of how appellant shot Charles Ballard, the deceased, appellant testified in his own behalf on direct examination. He described a struggle with Ballard over a gun. A shot was fired, the gun fell, and appellant picked it up and left with the deceased apparently unharmed. This

testimony conflicted to a considerable degree with the version given by the prosecution's eyewitness. Before appellant's cross-examination the trial was recessed for four days, including a weekend.

As the trial was being resumed counsel for the United States advised the court that "counsel for the defense and counsel for the United States have been in discussion this morning about all of the relevant facts in this case and a suggested disposition has been made which is agreeable to the United States, in which the Government would accept should the defendant voluntarily choose to enter a plea of manslaughter under Count 1, and a plea of guilty of CDW under Count 2. The Government would urge that plea be accepted by the Court." Appellant's counsel stated that appellant, "fully understanding the case and the posture of the likelihood of how this case would wind up," desired so to plead.[1]

In response to inquiry by the court appellant affirmed his wish to plead guilty to manslaughter. He volunteered a short statement about the encounter which resulted in the homicide. The court inquired of counsel whether this version was like the one appellant had given him, asking that appellant tell the court what happened. Appellant's rambling narrative which followed was different from the version told counsel. The court said the difference was sufficient to require continuation of the trial, adding, "if there is any question in the mind of the Court with respect to this defendant fully understanding, or if there are any inconsistencies with which he states in open court, and what he states to counsel in private conversation, I will not accept the plea."

Further recesses, at the instance of the defense, and further colloquies out of the presence of the jury took place. It is difficult to depict clearly all appellant's versions of the encounter. Included, however, was a claim of a knife attack by deceased and appellant's admission that he had not previously told the truth, for which he asked the mercy of the court. As to the "truth," he said, differing from his testimony on direct examination, he took the gun from his own pocket instead of taking it from deceased and shot deceased after he observed him "swinging at him with a knife."

The court was concerned about the existence of an issue of self-defense arising from appellant's versions. Thus, the judge stated:

I want the record to reveal very clearly that we are not in the process of bargaining here. This Court will accept this plea if the Court can be assured that what the defendant states to the Court happened on that day it happened, and I think we should satisfy ourselves, counsel, and I think you should satisfy yourself, as to whether or not the defendant's representations to the Court this morning is to the effect that prior to the time that the gun was fired by the defendant there was a knife in the hands of the deceased, and that there was an attempt by the deceased to use the knife on the defendant.

■ We are nevertheless convinced, upon the record as a whole, that the court's refusal to accept the plea of guilty to manslaughter, as also the plea of guilty to the weapon charge, was because appellant's several exchanges with counsel and court were not consistent.

As matters developed we think the plea of guilty to manslaughter should have been accepted.

Rule 11, Fed.R.Crim.P., provides:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and

---

1. Since appellant was convicted of the charge of carrying a dangerous weapon, no problem is now presented by his counsel in connection with his desire also to plead guilty to that offense.

determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

██ ██ While this lodges a discretion in the court, Overholser v. Lynch, 109 U.S.App.D.C. 404, 288 F.2d 388; McCoy v. United States, 124 U.S.App.D.C. 177, 363 F.2d 306; Bruce v. United States, 126 U.S.App.D.C. 338, 379 F.2d 113, that does not end the inquiry. Appellant's inconsistencies did not afford good ground for refusing the plea. The discretion is to be exercised in relation to the problem as it is presented, which is usually, as it was here, a composite of factors. One is the desirability of encouraging guilty pleas where the prosecution, as in this case, was satisfied that because of doubt as to just what occurred or for other reasons it need not seek a verdict for the most severe offense charged. As we said in McCoy v. United States, *supra*, a guilty plea should not be refused without good reason even though it be to a lesser included offense. We also said:

> While it would be improper for a court to accept such a plea unless satisfied there was significant evidence that the accused was involved or implicated in the offense, the court is not required to insist that the accused concede the inevitability or correctness of a verdict of guilty were the case tried.

124 U.S.App.D.C. at 179, 363 F.2d at 308.

██ The plea may be accepted "even though defendant accompanies his plea with a statement that he is not guilty, on a determination that incriminatory evidence establishes such a high probability of conviction as to satisfy the requirement that there be a 'factual basis for the plea' before judgment can be entered thereon." Bruce v. United States, *supra*, 126 U.S.App.D.C. at 342, 379 F.2d at 119. The present case clearly comes within these standards.

The case also gave rise to a special problem which argued for acceptance of the plea. The court's desire for consistency in appellant's versions as a condition to acceptance might have led appellant to adhere to a version which he said finally was not the truth; and what in the end he stated to be the truth was used effectively against him when he resumed the stand to be cross-examined before the jury after acceptance of the plea had been refused. This use of his admissions was foreseen by his counsel, who expressed to the court before the testimony was resumed his opinion that it was hopeless in the circumstances to have a fair trial. The court responded that the jury had no knowledge of what had been going on, to which counsel replied that they would soon become aware of "these facts," pointing out that defendant was still on the stand. His prediction proved true. Appellant could not refuse to resume the stand to be cross-examined since he had already testified on direct examination. In this unusual situation the solution, which the United States previously had stated would be agreeable to it, was to accept the plea. The elements for the exercise of a sound discretion to do so were present.

The judgment under the first count we think should be vacated and appellant permitted to withdraw his plea of not guilty to that count and to plead guilty to manslaughter.[2]

It is so ordered.

2. We have not overlooked the position of the United States on the appeal that the court did not finally rule on acceptance or not, of the plea, and that counsel abandoned the effort to have it accepted. We think the record, properly construed, even if not with absolute clarity, shows that the court refused to accept the plea, and that the resumption of the trial was due to that, and not to abandonment of the efforts to change the plea.