John Jerimiah SCOTT, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 23854.

United States Court of Appeals, District of Columbia Circuit.

April 15, 1970.

Mr. Larry J. Ritchie, Washington, D. C., was on the brief for petitioner.

Mr. Thomas A. Flannery, U. S. Atty., with whom Messrs. John A. Terry and Robert C. Crimmins, Asst. U. S. Attys., were on the brief, for respondent.

Before BAZELON, Chief Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

This is a motion for allowance of appeal from the judgment of the District

**610**

of Columbia Court of Appeals. The background of the case is set forth in the opinion of that court, duly reported (259 A.2d 353, decided December 2, 1969) and is not reiterated here.

We conclude that the case does not warrant the allowance of an appeal but think it appropriate to state our reasons briefly lest the action be misconstrued. The case involves the issues of ineffective assistance of counsel. In its consideration, the District of Columbia Court of Appeals made reference without disapproval to the standard expressed in *Edwards v. United States,* 103 U.S. App.D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958) which said that the issue is whether counsel's assistance was so inadequate as to make the trial a farce and a mockery. That standard is no longer valid as such but exists in the law only as a metaphor that the defendant has a heavy burden to show requisite unfairness. *Bruce v. United States,* 126 U.S.App.D.C. 336, 339, 379 F.2d 113, 116 (1967). The "farce and mockery" standard derives from some older doctrine on the content of the due process clause of the Fifth Amendment. What is involved here is the Sixth Amendment. The Sixth Amendment has overlapping but more stringent standards than the Fifth Amendment as is clear from other contexts. Compare, for example, *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) with *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The appropriate standard for ineffective assistance of counsel, set forth in *Bruce, supra,* is whether gross incompetence blotted out the essence of a substantial defense.

Moreover, in case of direct appeal the reviewing court takes action appropriate in the interest of justice, even though the problem would not rise to the constitutional dimensions necessary to undo a final judgment on collateral attack. *Dyer v. United States,* 126 U.S. App.D.C. 312, 379 F.2d 89 (1967); see *Bruce,* 126 U.S.App.D.C. at 340, 379 F.2d at 117.

However, the opinion of the District of Columbia Court of Appeals reveals both that it was aware of the standard in *Bruce* and that it sought to apply that standard to the facts of this case. The fair reading of its opinion is that the decision was not affected by its reference to *Edwards, supra,* but was an undertaking to apply the standard of *Bruce.* It would seem desirable for the *Edwards* language to be dropped entirely in the future, since its retention even as a figure of speech may seem to confuse rather than clarify.

In the view we take of the opinion of the District of Columbia Court of Appeals, the only question that would arise on this appeal is whether that Court erred in the application of the *Bruce* standard to the facts of this case. The District of Columbia Court of Appeals considered that what was involved was a tactical decision of counsel. While we might have decided that question differently, we do not think its decision warrants further review.

Petition denied.