**UNITED STATES of America, Appellee,**

v.

**Theodore WEBB, Defendant, Appellant.**

**No. 7559.**

United States Court of Appeals,
First Circuit.

Oct. 30, 1970.

Evan T. Lawson, Boston, Mass., by appointment of the Court, with whom Desmond, Glickman & Lawson, Boston, Mass., was on brief, for appellant.

James B. Krasnoo, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant was indicted on March 14, 1968, for transporting a motor vehicle in interstate commerce, knowing the same to have been stolen, in violation of the Dyer Act, 18 U.S.C. § 2312 (1964). In response to a motion by his court-appointed counsel, the district court ordered that he be given a psychiatric examination. He was examined by Dr. Alvin F. Poussaint of the New England Medical Center in Boston, who submitted his report to the court on May 21. Ten days later the defendant changed his plea to guilty. At the request of his attorney, he was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 5010(e) (1964), which provides for the observation and study of youth offenders. On September 3, he was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 5010(b) (1964), which provides for treatment and supervision by the Youth Correction Division of the U. S. Department of Justice in lieu of imprisonment.

In a letter addressed to the district court judge, dated January 14, 1969, the defendant moved *pro se* to withdraw his plea of guilty. The court treated the letter as a motion under Fed.R.Crim.P. 32 (d), which it denied without a hearing. On February 10, 1970, he moved *pro se*

for a new trial. This second motion was also denied without a hearing. He appeals from the denial of both motions.

Because defendant's appeal from the denial of his first motion was untimely, it will not be considered here. See Fed.R.Crim.P. 37. We shall treat his motion for a new trial as a motion for post-conviction relief under 28 U.S.C. § 2255 (1964). *See* Halliday v. United States, 380 F.2d 270 (1st Cir. 1967), aff'd, 394 U.S. 831, 89 S.Ct. 1498, 23 L. Ed.2d 16 (1969). Under 28 U.S.C. § 2255 defendant has the initial burden of showing that he is entitled to relief. Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969). However, in deciding whether the defendant was entitled to an evidentiary hearing, we must take his factual allegations "as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact." Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961).

Defendant's primary argument is that in accepting his guilty plea the district court failed to comply with Fed.R.Crim. P. 11 (Rule 11). Under this rule a federal court cannot accept a plea of guilty

"without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

In this case the district court held an extensive Rule 11 hearing and addressed the defendant personally in great detail. It is evident from the transcript of the hearing that the court made every effort to comply assiduously with the requirements of Rule 11.

There appears to be little question that, when he changed his plea, the defendant understood the nature of the charge. It was simple and straight-forward. *See* Domenica v. United States,

*supra* at 485. The court personally asked him whether he understood the nature of the charge, and he answered in the affirmative. Furthermore, defendant's detailed discussion of the crime with the court made it clear that he understood each of the elements of the offense to which he was pleading guilty. The court was also careful to take several minutes to spell out the consequences of a guilty plea. It emphasized that, because defendant was a minor, he could be sentenced under the Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (1964), which might, under certain circumstances, lead to a longer sentence than adults could receive for violating the Dyer Act.[1] The court's careful discussion of the consequences of a guilty plea satisfied the standards of Durant v. United States, 410 F.2d 689 (1st Cir. 1969).

Defendant contends, however, that the court's discussion was deficient because it failed to list the constitutional rights that were waived as a consequence of his guilty plea: the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers. We think it self-evident that those rights were being waived. Defendant had discussed the guilty plea with his counsel and, absent some showing to the contrary, must be presumed to have understood that he was waiving his right to a trial. Indeed, defendant does not allege that he failed to understand that he was waiving these rights. It would not add to the understanding of defendants in Rule 11 proceedings to require the court to recite a ritualistic list of constitutional rights that are obviously being waived. Emphasis must rather be placed on less readily apparent consequences of the plea, such as length of sentence and loss of parole.

Defendant also argues that there was no "factual basis" for his guilty plea. He bases this on the fact that his statement to the court that he knew the car he drove across state lines was stolen was in contradiction of a statement he had made earlier during his psychiatric examination. Defendant contends that, because of this contradiction, the record does not clearly support the conclusion that he is guilty. However, the "factual basis" requirement does not compel the court to resolve all contradictory evidence in the case. To do so would usually require an evidentiary hearing, thereby nullifying one common motivation behind guilty pleas: the avoidance of the agony and expense of a protracted trial. *See* Brady v. United States, 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The court need not be convinced beyond a reasonable doubt that defendant is in fact guilty. Griffin v. United States, 132 U.S.App.D.C. 108, 405 F.2d 1378, 1379 (1968); Maxwell v. United States, 368 F.2d 735, 739 (9th Cir. 1966); McCoy v. United States, 124 U.S. App.D.C. 177, 363 F.2d 306, 308 (1966). It should be enough if there is sufficient evidence for a jury to conclude that he is guilty. 1 C. Wright, Federal Practice and Procedure § 174, at 377 (1969). In the instant case, the court went far beyond "a bare recitation that defendant 'stole'" a car. *Cf.* United States v. Steele, 413 F.2d 967, 969 (2d Cir. 1969). It questioned him about each of the elements of the crime and required the prosecution to outline the documentary evidence it had gathered.

Finally, defendant contends that his plea was not made voluntarily. He avers that he "got the impression" from his attorney that he would be sent to a military hospital. But a "mere pre-

---

1. "THE COURT: I am endeavoring to explain that although the maximum period under the Youth Corrections Act is four years, there could be circumstances which would result in a youth offender being kept for a maximum of six years, which would be even longer than the five-year penalty provided by the Dyer Act as the maximum penalty under that statute, and the Court wants to make sure that a youth offender understands that possibility of even greater confinement under the Youth Corrections Act than under the Dyer Act. Do you understand that, Mr. Webb? THE DEFENDANT: Yes, I do, your Honor."

diction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not grounds for attacking a plea." Domenica v. United States, *supra*, 292 F.2d at 485. Next he maintains that he was motivated to plead guilty by fear of being sent to a prison in the south if he was not incarcerated in the north. But in Brady v. United States, *supra*, the Supreme Court held that the allegation that a guilty plea was motivated even by fear of the death penalty was not grounds for withdrawal of that plea. As we said in *Kent*:

> "There are many reasons why a defendant may choose to plead guilty. They do not, simply by being denominated 'fears,' necessitate the conclusion that the plea was not voluntary. * * If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments." Kent v. United States, 272 F.2d 795, 798 (1st Cir. 1959).

The only aspect of this case that raises any question regarding the voluntariness of defendant's plea is the psychiatric report. In that report defendant was diagnosed as suffering from moderate to severe depression, manifested by self-destructive behavior and a desire for punishment and withdrawal from society. He was described as being

> "fatalistic and somewhat hopeless about the future. He was unable to explain his present behavior and felt going to jail was as good as anything. He expressed guilt over his friend getting killed [while coming to his aid in combat] in Vietnam and one got the feeling that he felt he should be punished in some way for his friend's death."

The report concluded that defendant was mentally competent[2] and not psychotic, but was perhaps undergoing an emotional upheaval. It is possible that defendant's attitude of fatalism could have led him to plead guilty without being guilty.[3] While it might have been particularly desirable to ask defendant if he was pleading guilty because he was guilty—a useful inquiry to make in every case—we do not find in the psychiatric report available to the district court such a clear signal of volitional incapacity as to have required further inquiry.

■ The Supreme Court has emphasized that "[t]he nature of the inquiry required by Rule 11 must necessarily vary from case to case." McCarthy v. United States, 394 U.S. 459, 467 n. 20, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). "The voluntariness of [defendant's] plea can be determined only by considering all of the relevant circumstances surrounding it." Brady v. United States, *supra*, 397 U.S. at 749, 90 S. Ct. at 1469. Upon careful consideration of the record as a whole, we have concluded that the inquiry made by the court on the issue of voluntariness was sufficient to satisfy the requirements of Rule 11 under the circumstances. *Compare* McCarthy v. United States, *supra*, and Domenica v. United States, *supra*, *with* Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) and United States ex rel. McGrath v. La-Vallee, 319 F.2d 308 (2d Cir. 1963). The court personally inquired of the defendant whether he was pleading guilty voluntarily and whether any threats or promises had been made to him in connection with his plea. Defendant was also asked whether he had discussed entering the guilty plea with his court-appointed attorney, to which he responded that they had discussed it twice. In addition, we feel that the court was en-

2. The statutory test for mental competency to stand trial is whether the accused is "so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." 18 U.S.C. § 4244 (1964).

3. Courts have recognized that the conclusion that a defendant is competent to stand trial does not necessarily mean that he has the mental capacity needed for an intelligent decision to plead guilty. In re Williams, 165 F.Supp. 879 (D.D.C.1958).

titled to place heavy reliance on the psychiatrist's finding that defendant was mentally competent and not psychotic. Furthermore, the court had the advantage of observing defendant's demeanor at first hand. Taking all these factors into consideration, we cannot say as a matter of law that the court abused its discretion by failing to make further inquiries regarding the voluntariness of defendant's plea.

Defendant contends that, even if Rule 11 was not violated, he has a right to a hearing under 28 U.S.C. § 2255 (1964) to determine whether his plea was voluntary in fact. But, where there is a complete record of the Rule 11 proceeding, as in this case, we deem it appropriate to rely on that record rather than "to resort to a later fact finding proceeding 'in this highly subjective area.'" McCarthy v. United States, *supra*, 394 U.S. at 469, 89 S.Ct. at 1172. Cf. Jones v. United States, 384 F.2d 916 (9th Cir. 1967).

Affirmed.