**UNITED STATES of America**

v.

**James PRICE, Appellant.**

**No. 23217.**

United States Court of Appeals,
District of Columbia Circuit.

Argued June 22, 1970.

Decided Dec. 17, 1970.

Mr. Michael A. Schuchat, Washington, D.C. (appointed by this Court) for appellant.

Mr Julius A. Johnson, Asst. U.S. Atty., with whom Messrs. Thomas A. Flannery, U.S. Atty., and John A. Terry. Asst. U.S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and DAVIS*, Judge, United States Court of Claims.

PER CURIAM:

The judgment is affirmed.

Judge DAVIS has filed an opinion and Chief Judge BAZELON has filed a dissenting opinion.

DAVIS, Judge:

I vote to affirm. On the point discussed by Chief Judge Bazelon, this case should not be viewed, in my opinion, as if the trial court had rejected the defendant's proffer of a plea of guilty to a lesser included offense after the judge learned that the defendant maintained innocence. As I understand the record, defense counsel made no such proffer. He simply informed the court of a conversation he had had with the appellant on the matter of such a plea, and the judge then indicated his agreement with the attorney's position. This was not the proffer of a guilty plea, but the exact opposite. In the circumstances, the judge was not required to probe further, to disabuse the lawyer of his views, or to insist that a plea be presented by counsel or discussed again with the defendant. I see the case, in other words, as no different than if the plea-discussion had never been reported to the judge, or if he had remained silent when counsel told him of that conversation. On that basis, the only remaining issue (on this point) is whether the lawyer's advice to his client amounted to such inadequate assistance as to call for reversal of the conviction. In the state of the law at the time of the occurrence, I do not think that counsel's actions reached that level. Even if the advice was erroneous, it did not, in my judgment, breach the Sixth Amendment's requirement of assistance.

BAZELON, Chief Judge (dissenting):

Before the jury trial at which appellant was convicted of assault with intent to commit robbery, the following interchange occurred: [1]

DEFENSE COUNSEL: I would like to mention two things for the record. * * * The second matter is I am appointed counsel in this case, as is Mr. ———. I have talked to the man about a disposition. He has asked me to try to get a plea to a lesser offense. He tells me he didn't do it. I told him that under those circumstances, I can't proffer the plea to the Court.

THE COURT: That is right. If he pleads, it means he is willing to admit his guilt.

DEFENSE COUNSEL: I told him he would do that, and he says he didn't do it but wants to plead to a lesser offense.

THE COURT: You would be highly criticized if you did have him plead to a lesser offense.

---

* Sitting by designation pursuant to Title 28, U.S.Code, Section 293(a).

1. Transcript at 1A–1B. We cannot tell from the record whether the prosecutor in fact had reasons for not reducing the charge in return for a plea of guilty.

DEFENSE COUNSEL: Yes.

The trial judge thus thought an admission of guilt absolutely essential to an acceptable guilty plea. This view is erroneous. A defendant may plead guilty to a lesser offense in order to avoid risking punishment in the event of conviction for a greater offense, even if he maintains that in fact he is guilty of neither offense.[2] "[A] guilty plea is not contrary to justice if based upon a high probability of the outcome of the trial, even though neither a plea nor a verdict of guilty would conform to the defendant's subjective evaluation."[3] And very recently the Supreme Court affirmed that an express admission of guilt is not a constitutional prerequisite to acceptance of a guilty plea.[4] Any other rule would confront a defendant who believes himself innocent but against whom the Government has massed substantial evidence with the choice of lying about his own views or foregoing the benefits of a bargained plea.[5]

Thus, for all practical purposes, this case seems to me no different from one in which a guilty plea is rejected for an invalid reason.[6]

Moreover, I think that appellant's counsel's erroneous view of the law is itself sufficient to justify a remand.[7] In *Scott v. United States* we said:[8]

[I]n the case of direct appeal the reviewing court takes action appropriate in the interest of justice, even though the problem would not rise to the constitutional dimensions necessary to undo a final judgment on collateral attack.

This is not a case where counsel made a tactical decision which backfired.[9] Rather, he proceeded on a principle of law which an experienced criminal lawyer would have known was erroneous. This is by no means a reflection on counsel's character or dedication; it is simply a reflection of the fact that the need is so great that it is impossible to appoint experienced trial counsel for all

2. *See* Griffin v. United States, 132 U.S. App.D.C. 108, 405 F.2d 1378 (1969); Bruce v. United States, 126 U.S.App. D.C. 336, 379 F.2d 113 (1967); McCoy v. United States, 124 U.S.App.D.C. 177, 363 F.2d 306 (1966); *cf.* Scott\v. United States, 135 U.S.App.D.C. 377, 419 F.2d 264 (1969). *See also* C. A. Wright, Federal Practice and Procedure, Criminal § 174 at 377 (1969).

3. Bruce v. United States, *supra* note 2, 126 U.S.App.D.C. at 343 n. 19, 379 F.2d at 120 n. 19.

4. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (Nov. 23, 1970).

5. *Alford* made clear that before accepting a guilty plea from a defendant who maintains his innocence, the judge must assure himself that, among other things, there is a factual basis for the plea. This, of course, is the requirement of Federal Rule of Criminal Procedure 11. Under that Rule, the trial judge may find the requisite factual basis by questioning the prosecutor or defendant, by examining the presentence report, or otherwise. *See* 1966 Advisory Committee Note to Rule 11. In applying this part of Rule 11,

the focus is not limited to the defendant's subjective view of his guilt or innocence, but extends to the facts that are likely to be proved at trial. If there is a substantial probability of conviction, then this requirement of Rule 11 is satisfied. *See* Bruce v. United States, *supra* note 2, 126 U.S.App.D.C. at 342, 379 F.2d at 119.

6. *See* Griffin v. United States, *supra* note 2; *cf.* Scott v. United States, *supra* note 2; Pettyjohn v. United States, 136 U.S. App.D.C. 69, 78–81, 419 F.2d 651, 660–663 (1969), cert. denied, 397 U.S. 1058, 90 S.Ct. 1383, 25 L.Ed.2d 676 (1970) (statement of Bazelon, C. J., as to why he would grant rehearing *en banc*).

7. I find no need to decide whether appellant was denied his Sixth Amendment right to counsel.

8. 138 U.S.App.D.C. 339, 340, 427 F.2d 609, 610 (1970).

9. *See* Harried v. United States, 128 U.S. App.D.C. 330, 389 F.2d 281 (1967); Brubaker v. Dickson, 310 F.2d 30, 39 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).

indigent criminal defendants.[10] But the fact remains that the error may well have cost appellant dearly. Appellant's alleged accomplice pleaded guilty to attempted robbery. A trial judge must have found a factual basis for that plea, for the plea was accepted, and the accomplice sentenced to a term shorter than appellant's.

In these circumstances, I think the interests of justice would be best served by remanding this case to the District Court for consideration, under the proper standards, of a plea of guilty to any lesser charge that may be agreeable to the Government in accordance with its usual practice.

10. *See, e. g.*, Heard v. United States, 121 U.S.App.D.C. 37, 45, 348 F.2d 43, 51 (1965) (statement of Bazelon, C. J.).