Samuel L. BANKS, Appellant,

v.

UNITED STATES, Appellee.

No. 6868.

District of Columbia Court of Appeals.

Argued May 8, 1973.

Decided July 11, 1973.

**768**

Everett Hutchinson, Washington, D. C., appointed by this court, for appellant.

Eric B. Marcy, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from an order of the Superior Court on October 12, 1972, denying appellant's pro se "Motion to Have Consecutive Sentences To Run Concurrently, For Possible Rehabilitative Court Order and/or Institutional Pre Release Work Program." We affirm the judgment of the trial court.

An indictment was filed against appellant on May 30, 1972 charging him with burglary II in violation of D.C.Code 1967, § 22–1801(b) and petit larceny in violation of D.C.Code 1967, § 22–2202. On August 11, 1972, the case came on for trial before a jury in the Superior Court wherein appellant was represented by counsel. The jury returned a verdict of guilty on both counts. Sentencing was held September 18, 1972, at which time the trial court sen-tenced appellant on the burglary II count to "Two (2) to Six (6) years (This sentence consecutive to sentence in U.S. District Court.)" and "One (1) year (concurrent with 30448–72A [1])" on the petit larceny count. Appellant did not appeal but on October 10, 1972 filed the aforesaid motion in issue in the present appeal. The trial court denied the motion on October 12, 1972. The appellant then filed on October 18, 1972, "Motion For Notice of Appeal in forma pauperis, of the Court Order Entered on the Date of October 12, 1972. Denying Motion To have Consecutive Sentences To Run Concurrently, for Possible Rehabilitative Court Order and/or Institutional Pre Release Work Program."

On appeal appellant is urging not only that we review the denial of his motion as set out above, but also that we review the entire trial proceedings. In asking now for such a review appellant claims that he was denied the effective assistance of counsel and that his motion at trial for judgment of acquittal should have been granted.

■ We are constrained to note that our jurisdiction over this appeal is limited to a consideration of the denial of the appellant's pro se motion. This court's Rule 4(II)(b)(1) provides that the time limit for filing a notice of appeal is 10 days from the entry of judgment. Thus the time for filing an appeal of the conviction herein expired on September 29, 1972. No appeal from the conviction being noted within the time prescribed and no reason for failure to note such an appeal being alleged, we hold that the events at trial are not properly before us and a review of them will not be undertaken.[2]

---

1. This is the burglary II conviction.

2. If appellant can meet the standard that "gross incompetence blotted out the essence of a substantial defense", Scott v. United States, 138 U.S.App.D.C. 339, 427 F.2d 609 (1970); Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967), his remedy would be by means of a motion under D.C.Code 1972 Supp., § 23–110, attacking the conviction below for violation of his constitutional right to have the effective assistance of counsel. We express no opinion as to the merits of such a motion, if undertaken, in this case.

■ We now turn to the merits of appellant's claim that the trial court abused its discretion in its denial of his motion. A sentence which is within the statutorily prescribed limits will generally not be reviewed in the appellate courts.[3] The record that we have before us does not include the transcript of the sentencing hearing, and contains nothing whatever to show that the trial court abused its discretion in any way in sentencing appellant. The trial court made it clear, however, that it intended the two sentences to run consecutively with the earlier District Court sentence.

■ Further, Congress has clearly stated its intent in D.C.Code 1972 Supp., § 23–112 that "[a] sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense . . . ." The test is whether the offenses for which sentences are levied to run consecutively are separate criminal acts.[4] In the present case there is no indication whatsover that the sentence being served by appellant pursuant to a conviction in United States District Court arose out of the same occurrence or acts as the convictions found herein and appellant did not raise such a contention in his motion regarding sentences. Indeed the conviction in federal court was on December 3, 1971, according to the information as to previous convictions, some five months before the present offense occurred. We must therefore conclude that the conviction in District Court arose out of a separate occurrence from those giving rise to the present conviction.

■ The statute being clear that Congress has intended sentences are to run consecutively unless specified otherwise, and wholly lacking any showing here of abuse of discretion by the trial court, the judgment is

Affirmed.

3. Foster v. United States, D.C.App., 290 A.2d 176 (1972); Stovall v. United States, D.C.App., 202 A.2d 390 (1964).

4. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).