**Floyd Amos JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18149.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1973.

Bill Heskett, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Osage County, Case No. CRF–70–892, appellant, Floyd Amos Jones, hereinafter referred to as defendant, upon his plea of guilty was convicted for the offense of Second Degree Burglary. His punishment was fixed at seven (7) years imprisonment. Upon that judgment and sentence, defendant filed an application for post-conviction relief in the said District Court. From the District Court's denial of said relief, defendant has perfected a timely appeal to this Court.

In defendant's brief it is submitted defendant was denied due process of law as he was denied effective assistance of counsel at his plea of guilty. In support of this allegation, defendant argues the inventory search of his vehicle, apparently abandoned on a highway and impounded by the Oklahoma Highway Patrol and inventoried, was an unlawful search and seizure of incriminating evidence. Consequently, counsel submits permitting defendant to enter a plea of guilty with such a search present constitutes a plea of guilty entered with ineffective assistance of counsel.

As a general rule, relief upon a final conviction on the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. Ellis v. State, 430 F.2d 1352 (10th Cir. 1970), cert. denied 401 U.S. 1010, 91 S.Ct. 1260, 28 L. Ed.2d 546. The farce and mockery standard exists only as a metaphor that the bur-

den is heavy to show ineffectiveness. Scott v. United States, 138 U.S.App.D.C. 339, 427 F.2d 609 (1970). The burden is clearly upon defendant to show inadequacy. Parks v. State, Okl.Cr., 457 P.2d 818 (1969), a burden which cannot be met by defendant pointing out only possible errors in counsel's judgment or lack of success in the defense. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958). In the instant case, a full hearing on defendant's motion to suppress was had prior to the entry of his guilty plea. The record sufficiently shows trial counsel preserved his defense in a good faith effort to preserve defendant's statutory and constitutional rights. It is this Court's opinion that in light of the fact, there is no allegation before the court defendant did not enter his plea of guilty for any other reason than because of his guilt, the waiver of his right to challenge the search and seizure culminating from his plea of guilty, Mack v. State, Okl.Cr., 492 P.2d 670 (1971), did not per se deny him of due process of law for the reason of ineffective counsel. The fact the evidence derived from the purportedly unlawful search might have been suppressed on appeal does not sustain the burden of showing ineffective counsel as it considered in its most favorable light constitutes speculation upon a possible error in counsel's judgment in his recommending a plea of guilty to defendant. We therefore find this assignment of error to be without merit.

Defense counsel next submits defendant was denied effective assistance of counsel for the reason court-appointed counsel was compensated by the county, a subdivision of State government. Counsel argues that since court-appointed counsel is appointed by the State and compensated by the State, counsel is an official of the State and the waiver of defendant's constitutional rights, culminating from his plea of guilty, constituted the State waiving his rights for him. We find this assignment to be completely without merit. We find defendant was not deprived of effective counsel resulting from State payment and appointment of counsel and consequently, a waiver of a constitutional right by appointed counsel does not constitute a State waiving a right for the accused.

The District Court's denial of post-conviction relief is hereby affirmed.

BUSSEY, and BRETT, JJ., concur.