525 P.2d 303

**STATE of Arizona, Appellee,**

v.

**Terry Max LAMOREAUX, Appellant.**

**No. I CA–CR 598.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 22, 1974.

Gary K. Nelson, former Atty. Gen., N. Warner Lee, Atty. Gen. by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Chief Judge.

The question presented by this appeal is whether the refusal of a privately retained defense counsel to participate in any manner in the trial of his client results in "ineffective assistance of counsel" requiring a reversal.

On August 16, 1972, a criminal complaint was filed in justice court charging the defendant, Terry Max Lamoreaux, and three co-defendants with possession of marijuana for sale. A preliminary hearing was held on August 25, 1972, at which time the defendant and one of the co-defendants were represented by one counsel and the remaining defendants by another counsel. All four defendants were held to answer on the charge.

An information was filed in Maricopa County Superior Court on September 5, 1972, and on September 13, 1972, all four defendants entered pleas of not guilty, trial being set for October 18, 1972, before the Honorable Paul LaPrade. At the arraign-

ment, the defendants were represented by the same counsel who appeared at the preliminary hearing.

On the date set for trial, attorney Samuel R. Costanzo for the first time appeared as counsel for Lamoreaux. At that time the state filed a motion to sever the trial of two of the co-defendants from that of Lamoreaux and another defendant which was denied. The court, however, vacated the trial setting for that date and reset trial for December 7, 1972.

On October 20, 1972, the state added the names of two of the co-defendants as witnesses for the state against Lamoreaux. On December 6, 1972, the day prior to trial, Attorney Costanzo filed a motion for continuance contending he was not prepared for trial since (1) a motion for production of evidence had been filed, (2) two co-defendants may be witnesses for the state, (3) the informant was a crucial witness and (4) a motion to suppress evidence would be filed. On this date Attorney Costanzo also filed on behalf of his client an affidavit of bias and prejudice for change of judge against Judge LaPrade.

On December 8, 1972, Judge LaPrade vacated the prior trial setting and reset trial for January 23, 1973; set all pending motions for hearing on January 11, 1973; and severed the trial of Lamoreaux's three co-defendants. On January 11, 1973, Judge LaPrade transferred the cause as to Lamoreaux to the Honorable Harold D. Martin for all further proceedings.

Judge Martin subsequently set all pending motions for hearing on January 24, 1973, and reset trial for February 6, 1973. On January 24, 1973, without hearing oral argument, although the same was requested, Judge Martin denied all of Lamoreaux's motions except as to require the production of statements made by defendant to police officers. On January 25, 1973, Attorney Costanzo filed a motion for continuance stating he had not received a notice of trial setting until January 23, 1973. This motion was set for hearing on February 5, 1973, the day prior to trial.

On February 1, 1973, Attorney Costanzo filed a motion to interview witnesses (the co-defendants) and again requested a continuance. On February 2, 1973, Attorney Costanzo filed a motion to suppress evidence. The motions for continuance and to interview witnesses were denied on February 5, 1973.

On February 6, 1973, Attorney Costanzo filed a motion to withdraw as counsel for Lamoreaux and another motion for continuance based on an allegation that counsel needed additional time to subpoena witnesses. The matter proceeded to trial on February 7, 1973. Prospective jurors were called and questioned by the court, and the state. When Attorney Costanzo was asked if he wished to voir dire the jury, he responded:

"May it please the court and counsel, for reasons previously stated to the court prior to the beginning of the trial, both orally and in the form of pleadings that were heretofore filed in this action, at this point I can hardly in good conscience take any active part or participation in the proceedings, and from this point, although present, I remain mute at counsel table."

The court responded:

"Let the record show that Attorney Stanley Costanzo is a duly recognized and licensed attorney in the State of Arizona; that he is attorney of record for the defendant, is representing him in these proceedings in all matters and has no questions."

The jury was then excused and the court and counsel retired to chambers to hear the motion to suppress evidence, at which time Attorney Costanzo indicated he was not prepared to argue the motion to suppress. The court then denied the motion to suppress and denied the motion for continuance and withdrawal of counsel.

The matter then proceeded to trial, with defense counsel refusing to make an opening statement, cross-examine any witness, present any defense whatsoever, or make a closing argument, indicating either "de-

fense counsel stands mute" or refusing to answer questions by the court.

The evidence presented by the state indicated that in execution of a search warrant a large amount of marijuana was discovered in a house at which Lamoreaux paid the water bill; that at least four persons besides Lamoreaux lived at that residence; that marijuana was found in all parts of the house including rooms not occupied by Lamoreaux; that a co-defendant had sold marijuana at that residence which he testified was done at the request of Lamoreaux; and that in the opinion of the police officer the amount of marijuana found at the residence was being held for sale rather than for personal use. The record also shows, although not brought to the attention of the jury, that the three co-defendants, including the co-defendant who testified against Lamoreaux, were allowed to plead to a reduced charge of public intoxication, a misdemeanor. During the trial, the defendant did not object to the behavior of his privately-retained counsel, although following the jury's verdict of guilty he did request that the Public Defender's office represent him at sentencing. The defendant received three years' probation.

Defendant, now being represented by the Maricopa County Public Defender's office, raised several contentions on appeal. However, in view of our determination on the question of effectiveness of counsel, we need not reach other issues.

■ When adequacy of counsel is attacked, we start with the basic premise that the sixth amendment of the United States Constitution, giving right to assistance of counsel is only satisfied if that assistance is effective. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The test of when counsel's assistance becomes less than "effective" has been variously stated as being when the representation is a "farce or a sham", State v. Bustamante, 103 Ariz. 551, 447 P. 2d 243 (1968), or when counsel is "so incompetent as to have made the trial a farce or mockery of justice." State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971). While the "farce and mockery" test has been criticized by various legal commentators[1] and various courts would test counsel's representation on the basis of whether such representation was so incompetent as to "blot out the essence of a substantial defense,"[2] we do not need to choose between these tests here, for counsel's conduct, however classified, was nonexistent and in essence he had no counsel. In fact, by counsel's attitude toward the court and his refusal to participate in any of the trial proceedings, counsel's mere presence in the courtroom may have prejudiced the defendant by the jury logically concluding that if counsel refused to participate, the client was so guilty, no defense was available.

■ The state tacitly admits that the defendant was deprived of effective assistance of counsel, but argues that reversal should not occur for three reasons: (1) defendant did not object to his counsel's conduct and therefore he waived the right to raise this issue on appeal; (2) that defendant's counsel was privately retained and therefore the defendant cannot object to how his counsel performs; and (3) the evidence of guilt was so overwhelming that ineffective counsel was harmless error.

All of the defenses raised by the state in this matter have, at one time or another, been recognized by courts reviewing particular incidents of alleged incompetency of counsel. See the excellent annotation on claims of inadequacy of privately re-

1. See Beaney, "The Right to Counsel: Past, Present and Future," 49 Va.L.Rev. 1150 (1963); Waltz, "Inadequacy of Trial Defense Representation as a Ground for Post-Conviction Relief in Criminal Cases," 59 Nev.U.L. Rev. 289 (1964); Craig, "The Right to Adequate Representation in the Criminal Process," 22 S.W.L.J. 260 (1968).

2. Scott v. United States, 138 U.S.App.D.C. 339, 427 F.2d 609 (1970); West v. Louisiana, 478 F.2d 1026 (5th Cir. 1973).

tained counsel in 74 A.L.R.2d 1390 and Later Case Service for 73–78 A.L.R.2d. However, all of these defenses to inadequacy of counsel have been limited by the caveat that they apply only where the inadequacy of counsel has not in fact resulted in no representation at all. *See* cases cited 74 A.L.R.2d at 1403 and 1404.

While, here, we are not truly dealing with a claim of incompetency which results in no representation—there is no claim that Attorney Costanzo is incompetent in the sense that he was incapable of presenting a vigorous defense, he simply chose not to do so—we are of the opinion that the same basic rule should apply. In this situation we do not need to base a reversal on such constitutional grounds as lack of due process or imputed state action by failure of the trial judge to take action. *See* United States v. Handy, 203 F.2d 407 (3d Cir. 1953). What we do hold, as a matter of state law, is that under the principles of fair play and inherent justice, based upon the adversary system, Lamoreaux under the circumstances here has not had his day in court. If as could be contended, Attorney Costanzo's conduct was pre-arranged with his client in order to secure the reversal of a "sure loss" lawsuit, so be it. The conduct of counsel can be dealt with in other proceedings to discourage such behavior by other members of the bar. Furthermore, this court does not condone the actions of the trial judge in allowing this farcical "trial" to proceed in the manner in which it was conducted.

Finally, it is our opinion that we, as judges, would be remiss in our duty to actively help in the supervision of members of the bar who appear before the courts of this state, if we did not publicly condemn the conduct of Attorney Costanzo in this matter. In this regard, the clerk of this court is ordered to forward a copy of this opinion to the secretary of the State Bar of Arizona for transmittal to the appropriate local administrative committee of the bar for such investigation and action as it may deem appropriate.

For the reasons herein stated, the judgment of conviction is reversed and the matter remanded to the trial court for a new trial.

HAIRE, P. J., and EUBANK, J., concur.