Alfred Eugene STONE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–490.

Court of Criminal Appeals of Oklahoma.

April 11, 1978.

Alfred Stone, pro se.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James McCann, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Alfred Eugene Stone, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–381, for the offense of Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. Defendant was tried by a jury, who returned a verdict of guilty, and assessed punishment at nine (9) years in the State penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

At an in camera hearing on defendant's motion to suppress the following occurred. Jack Hill, a Midwest City Police Department Detective, the State's first witness, testified that on January 3, 1975, he and Tom Bunting of the Oklahoma State Bureau of Investigation, were searching for a white Ford in the 4800 block of North Lincoln Boulevard in Oklahoma City. Armed with an arrest warrant for defendant on a charge of failure to return rental property, they found the car outside the CREO Building, and found the defendant inside the building. Hill advised the defendant ". . . of his rights, and frisked his person for offensive weapons." During the search he found three rings in the defendant's left front pocket. Detective Hill did not know that the rings were stolen at the time of defendant's arrest, but thought it peculiar to find the rings with the price tags still intact on them.

OSBI Agent Tom Bunting was the State's second witness. At defendant's request he retrieved cigars from the unreturned leased automobile, and afterwards placed the defendant in the police cruiser. Thereupon, Agent Bunting went back to the 1975 Ford Torino and performed a cursory search which resulted in finding a brown paper sack in the glove compartment containing various items of jewelry with price tags still attached. He was unaware at this time that these items were stolen.

The testimony at the in camera hearing having been completed, the trial court overruled defendant's motion to suppress.

At the trial the State's first witness was Joe Mosley, owner of a jewelry store in Mount Vernon, Texas, which had been burglarized in the latter part of December, 1974. State's Exhibits Nos. 2 through 8 were identified as being property belonging to this witness. He also identified State's Exhibit No. 1, a photograph of the watches and rings taken in the burglary, and State's Exhibit No. 9, the invoice on which the numbers matched several of the numbers found on various items of jewelry. This witness stated that he did not give the defendant, or anyone else, permission to take any of these items.

The next witness for the State was Detective Hill of the Midwest City Police Department, who testified substantially as he had during the in camera hearing. Hill made an investigation concerning the jewelry, and as a result of that investigation charges were filed against the defendant on January 30, 1975.

Agent Bunting next testified, and his testimony was the same as that given during the in camera hearing. Thereafter, the State rested.

The defense then rested.

As his first assignment of error, the defendant contends that he was illegally arrested. We find this assignment to be without merit since the evidence clearly supports the legality of the arrest on a warrant.

As defendant's second assignment of error he alleges ineffective assistance of counsel. In *Eide v. State*, Okl.Cr., 551 P.2d 275 (1976), we spoke to this issue stating:

"We have repeatedly held that relief upon the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. The burden is clearly upon the defendant to establish inadequate representation, and this burden is not sustained by simply pointing out possible errors in counsel's judgment or lack of success in defense. Neither hindsight nor success is the proper measure for determining the adequacy of legal representation. See, *Jones v. State*, Okl.Cr., 513 P.2d 1402 (1973); *Ellis v. State*, 430 F.2d 1352 (10th Cir., 1970), cert. den. 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546; and *Williams v. Beto*, 354 F.2d 698 (5th Cir., 1965). . . ."

Moreover defendant expressed satisfaction with his counsel's representation at an earlier time. On page 74 of the transcript the defendant made reference to the competence and efficiency of his attorney, as follows:

"I'd like to—it's hard to say something like this, I mean, Mr. Page, with the evidence and what he's got to fight with, I think he's done a marvelous job here in Court so far as the trial."

Clearly, this allegation of error is wholly without merit.

Defendant's third and final assignment of error is that the search of the glove compartment was illegal, and that therefore the jewelry seized from the glove compartment should have been suppressed. This contention is without merit. Defendant was lawfully arrested pursuant to a warrant charging failure to return rented property, specifically, the automobile in question. The automobile was found in plain view outside the establishment wherein defendant was located.

In *Brinlee v. State*, Okl.Cr., 499 P.2d 1397 (1972), the defendant was convicted of stealing a truck. The police observed the truck in question, and stopped it. Defendant was not driving, but came upon the scene shortly thereafter. The truck was taken to a body shop, where a search revealed evidence that it had been stolen, and further, evidence which connected the truck to the defendant Brinlee. This Court held that the police had probable cause to believe the truck stolen, and they were thus

justified in seizing and searching it. No warrant was involved.

■ Here, the police were armed with a warrant for the arrest of the defendant for failure to return a rented automobile; they saw that automobile. They were thus justified in seizing it, and searching it. Any evidence seized during such lawful search was properly admitted into evidence.

For the foregoing reasons, the judgment and sentence is

*AFFIRMED.*

CORNISH, and BRETT, JJ., concur.