BOOTH, Judge.
Defendant was indicted on November 20, 1975, for murder in the first degree in the death of his wife, Laura Sykes Wright. He was tried and convicted of murder in the first degree and sentenced to life imprisonment. On appeal from the judgment of conviction and sentence, this Court reversed and remanded for a new trial[1] on the grounds that improper expert testimony was allowed into evidence and, being the only evidence of premeditation introduced by the State, constituted fundamental error. The opinion also holds that the evidence did not establish guilt of premeditated murder and that defendant’s version of the events, if true, would not establish “criminal intent” or show beyond a reasonable doubt that there was a “criminal killing.”
Thereafter the cause was remanded and on November 23, 1977, the State filed an information against defendant charging second degree murder in violation of Florida Statute section 782.04 “by doing an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the. death of any particular individual . . .” The State announced it did not propose to submit any new evidence on retrial.
*237 On March 30, 1978, defendant moved to dismiss the information charging second degree murder pursuant to Rule 3.190(c)(4) Fla.R.Crim.P.[2] Defendant’s “C-4” motion was not sworn to, or sufficient in its allegations of specific facts as required by Rule 3.190(c)(4). The motion was nonetheless considered by the trial court on its merits, and defects in the motion are not an issue on this appeal.
Thereafter, on April 3, 1978, the State filed an amended information for manslaughter charging that the defendant did “by his act, procurement or culpable negligence, inflict upon Laura Sykes Wright, wounds and injuries which resulted in the death of said Laura Sykes Wright, a human being, by using a bulldozer to bury her in the earth, contrary to the provisions of section 782.07, Florida Statutes.” No motion to dismiss was filed as to the amended information.
On the same day as the filing of the amended information, proceedings were had before the Court, and the following was recorded:
“[Mr. Jacobson] At this time the defendant enters a plea of nolo contendere to the amended charge of manslaughter with the understanding that the Court can in considering whether there is a legal basis for the plea, consider the transcript of record herein.
THE COURT: Before you enter the plea — excuse me. Mr. Jacobson, you had previously filed a C — 4 Motion to Dismiss. I met with you and Mr. Shore on Friday. I advised you at that time that I denied the C — 4 Motion to Dismiss but — there was sufficient evidence, after reading the transcript of the prior trial, which you gentlemen agreed that I could read and make a determination on the C-4 — in my opinion there was sufficient to justify the charge against the defendant. And I denied the C-4 motion.
I will do an order denying the C — 4 motion. And I will follow that with a written order and more detailed order later. Now the C-4 Motion to Dismiss having been denied, I understand you were entering a plea of nolo contendere to the amended information, which was filed today, to the charge of manslaughter. Is that correct, Mr. Jacobson?
MR. JACOBSON: That’s correct.
THE COURT: Go ahead with whatever you were saying.
MR. JACOBSON: We stipulate that the Court may in considering whether there is legal basis for acceptance of the plea, consider the transcript that is in the record without having the State to produce any further showing to justify acceptance of the plea.
And we further reserve the right to appeal from any finding as to the sufficiency of the evidence to justify the plea and to appeal from the Court’s order denying the C-4 motion that the Court just announced.”
Thereafter, another proceeding was held before the Court on April 18, 1978 for the purpose of imposing sentence on the defendant. At that time a counsel for the defendant again stated:
“[Mr. Jacobson] We have no witnesses, and nothing to say in mitigation. The only cause to show would be the reiteration of our reservation of our right to appeal from the denial of the C-4 motion, and to attack the sufficiency of the record to constitute a basis for a plea, or acceptance of the nolo.”
The court adjudged defendant guilty and sentenced him to 15 years imprisonment.
On appeal to this Court, defendant contends: (1) That the trial court erred in denying his motion to dismiss; (2) That the evidence was insufficient to support defendant’s plea of nolo contendere to manslaughter and (3) That the manslaughter charge constituted double jeopardy.
*238 As to the first point, there is no basis for defendant’s claim of error since he did not move to dismiss the information charging manslaughter, the charge of which he was adjudged guilty on his plea.
Defendant’s second point, the sufficiency of the evidence, was not an error preserved on entry of the plea.[3] Defendant’s purported reservation was as to the court’s determination of a factual basis for the plea under Rule 3.172(a).[4] The function of the court under Rule 3.172(a) is not to pass on the sufficiency of the evidence to support a conviction,[5] but rather to determine that a “factual basis” exists before accepting the plea. This means that the court makes inquiry as to the facts sufficient to satisfy itself that a prima facie basis exists for the charge against the defendant.[6] The court below, in determining that the factual basis existed for defendant’s plea, made no ruling on the sufficiency of the evidence and no error in its determination was preserved on entry of defendant’s plea.
The law recognizes that an accused has the right to proffer his plea of guilty or nolo contendere to the charge against him, but not the right to require the court accept that plea. The acceptance of the plea is a matter within the exercise of sound judicial discretion. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Under Rule 3.172(a), Fla.R.Crim.P., and its counterpart in the federal system, Rule 11, Fed.R.Crim.P., the court makes inquiry to determine the voluntariness of the plea and the factual basis for it. In U. S. v. Bethany, 489 F.2d 91, 92 (5th Cir.1974) the court held:
“Rule 11 of the Federal Rules of Criminal Procedure prohibits the court from entering a judgment upon a plea of guilty ‘unless it is satisfied there is a factual basis for the plea.’ Contrary to appellant’s argument, this requirement does not demand a ‘written, sworn, and filed stipulation of evidence,’ but only that the court make an inquiry ‘factually precise enough and sufficiently specific to develop that [defendant’s] conduct on the occasions involved was within the ambit of that defined as criminal.’ ”
The court may accept a plea of guilty or nolo contendere when voluntarily and understandably offered, even though the defendant maintains he is innocent of the particular charge against him. In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the defendant, indicted for first degree murder entered a plea of guilty to second degree murder on advice of counsel but stated that he had not commit *239 ted the murder, and was pleading guilty because he faced the threat of a death penalty if he did not do so. The United States Supreme Court held the plea valid, stating (400 U.S. at 33-34, 37, 91 S.Ct. at 165, 167):
“As one state court observed nearly a century ago, ‘[r]easons other than the fact that he is guilty may induce a defendant to so plead, . . . [and] [h]e must be permitted to judge for himself in this respect.’ State v. Kaufman, 51 Iowa 578, 580, 2 N.W. 275, 276 (1879) (dictum). Accord, e. g., Griffin v. United States, 132 U.S.App.D.C. 108, 405 F.2d 1378 (1968); Bruce v. United States, 126 U.S.App.D.C. 336, 342-343, 379 F.2d 113, 119-120 (1967)

An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt . .
In the instant case, defendant’s plea was proffered after the trial court announced the court’s decision to deny the motion to dismiss the information charging second degree murder. Defendant did not move to dismiss the manslaughter charge but determined to plead nolo contendere to that charge and agreed that the trial court, in determining the factual basis for acceptance of his plea, could review the transcript and depositions on record from the prior trial. As quoted in full above, defendant further “stipulated that the court . consider the transcript that is in the record without having the State to produce any further showing to justify acceptance of the plea.” The record on file with the court (which included defendant’s sworn testimony) established that defendant’s wife died as a result of being buried under the earth and that defendant operated the bulldozer which covered her with 2.8 cubic yards of dirt, causing her death by suffocation. It is uncontroverted here that the plea was voluntarily made by defendant, who was competent, informed of his rights, and represented by counsel. Defendant was entitled to offer his plea to the charge and the court properly accepted it.
The defendant’s double jeopardy argument is without merit. Peel v. State, 150 So.2d 281 (Fla. 2nd DCA 1963); cert. denied 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
AFFIRMED.
MILLS, Acting C. J., concurs.
ERVIN, J., dissents.

. Wright v. State, 348 So.2d 26 (Fla. 1st DCA1977); cert. denied 353 So.2d 679 (Fla.1977).

. “[T]he court may at any time entertain a motion to dismiss on any of the following grounds:

(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.”

. Fla.R.App.P. 9.140(b); McNamara v. State, 357 So.2d 410, 411 (Fla.1978):
“The plea of nolo contendere waives all defects in a criminal proceeding with the exception of jurisdictional ones, and in order to reserve the right to appeal a question of law, appellant must expressly reserve the same by conditioning his plea on the reservation of the specific, narrowly-drawn question of law. . . ”

. Rule 3.172(a), Fla.R.Crim.P.:
“Before accepting a plea of guilty or nolo con-tendere the trial judge shall satisfy himself that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.”

. Monroe v. State, 318 So.2d 571, 573 (Fla. 4th DCA 1975):
"The inquiry which the court should conduct in order to determine that there is a factual basis for the plea of guilty need not be a ‘mini-trial’, and the plea may be accepted in spite of the defendant’s protestation of innocence or his denial of an essential element of the crime, if there is otherwise in the record matters from which the court may determine that there exists a factual basis for the plea. Some of the means by which the court may satisfy itself in this respect are through statements and admissions made by the defendant, or by his counsel, or by the prosecutor, or by factual evidence heard from witnesses before the court at the time of the plea hearing, or by factual evidence heard from witnesses before the court at some prior stage of the proceedings (such as preliminary hearings or motions to suppress), or by depositions taken and filed in the cause .
It is not a matter of weighing the evidence but only to fulfill the purpose of the rule which is to make certain that a defendant does not plead guilty to an offense of which he could not possibly be guilty. .

.See, Williams v. State, 316 So.2d 267, 271 (Fla.1975), under an earlier version of the rule holding:
“The sole purpose of the provision [factual basis of plea] is to determine the accuracy of the plea, thereby avoiding a mistake.”