Mary A. **JONES**, Plaintiff-Appellant,

v.

Paul W. **PRIEBE** et al.,
Defendants-Appellees.

No. 73-1078.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1973.

Decided Dec. 27, 1973.

Joseph L. Newman, Cleveland, Ohio, on brief, for plaintiff-appellant.

John P. Berena, Cleveland, Ohio, for defendants-appellees; Frederick M. Coleman, U. S. Atty., Nancy C. Schuster, Asst. U. S. Atty., Cleveland, Ohio, on brief.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Mary A. Jones has appealed from a summary judgment of the District Court, which judgment affirmed the decision of the United States Civil Service Commission sustaining her dismissal from employment by the Veterans Administration. She had been employed as a clerk-typist and travel clerk, grade GS-3, by the Veterans Administration at its Cleveland hospital. It was part of her duties to issue vouchers authorizing cash disbursements to veterans for specified travel expenses.

On August 6, 1970 Mrs. Jones was given an advance notice of proposed removal from her employment because of five charges of preparing fraudulent vouchers authorizing cash reimbursement of mileage-allowance to post-hospital-care patients.

A hearing was later held before a hearing examiner, who found that Mrs. Jones did prepare the fraudulent vouchers. This finding was upheld at every stage of the administrative review, which included the Administrator of Veterans' Affairs, the Appeals Examining Office, United States Civil Service

Commission, Chicago Region, and the Civil Service Commission Board of Appeals and Review.

Mrs. Jones then sought review of the decision of the Civil Service Commission in the United States District Court. The District Judge, in a Memorandum Opinion and Order, granted summary judgment in favor of the Commission.

■■ Mrs. Jones challenges the sufficiency of the evidence to support the factual findings of the Commission. The scope of review in this type of case is very limited. Determinations of an administrative body can be overturned only if they are not supported by substantial evidence. 5 U.S.C. § 706(2)(E). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), and it must be enough to warrant denial of a motion for a directed verdict in a civil case tried to a jury. NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939), and Peoples Bank of Trenton v. Saxon, 373 F.2d 185, 189 (6th Cir. 1967).

■ An examination of the evidence in this case reveals that it meets the test of substantiality. The voucher preparation process was based on an index card system which described the various authorizations to which each veteran was entitled. Mrs. Jones was required to check this master file as to each veteran before issuing a voucher. She issued and initialed several vouchers to four persons who were not veterans authorized to receive the same. Extra cards were found in the master file corresponding to names of these veterans, which cards had been typed by Mrs. Jones. One of the extra cards in Mrs. Jones' own handwriting listed the name of her ex-husband.

Although Mrs. Jones never denied that she prepared the additional cards, she contends that faulty supervision and lax administrative procedures enabled her to do what she did. She claims she made these extra cards from appointment cards that were presented to her. However, this explanation seems unlikely and obviously was not believed by the hearing examiner. As a matter of practice appointment cards would have been presented to her only when and if the persons presenting them had actually received hospital care on that day; hospital records indicated that the persons named on certain vouchers had not been treated on the relevant days in question.

In our opinion there was substantial evidence to support the findings of the Commission.

The judgment of the District Court is affirmed.