629 F.2d 437
 8 O.S.H. Cas.(BNA) 2173, 1980 O.S.H.D. (CCH) P 24,911
MARTIN PAINTING AND COATING COMPANY, Petitioner,
v.
Ray MARSHALL, Secretary of Labor and the Occupational Safety
and Health Review Commission, Respondents.
 No. 77-3561.
 United States Court of Appeals,
Sixth Circuit.
 July 17, 1980.
 
 R. Larry Schneider, Marysville, Ohio, for petitioner.
 Ray Marshall, Secretary of Labor, Baruch A. Fellner, Dennis K. Kade, Lorelei Borland, Diane Burkley, Dept. of Labor, Washington, D. C., William S. Kloepfer, Regional Sol., Dept. of Labor, Cleveland, Ohio, for respondents.
 Before KEITH and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 ORDER
 
 1
 This proceeding for review challenges an order of the Occupational Safety and Health Review Commission. The Commission affirmed the Secretary of Labor's finding that Martin Painting and Coating Company had committed a serious violation of the electrical power safety regulations, 29 C.F.R. § 1926.400(c) (1), issued pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.[1] Martin Painting, which sought review under 29 U.S.C. § 660(a), argues that there was no substantial evidence to support the Commission finding. We affirm.
 
 
 2
 Martin Painting was the employer of Glenn Stonerock, who accidentally was electrocuted on October 23, 1975. With a co-employee, Stonerock was painting a tower and water tank at the Jeffrey Mining Machinery Company's plant in Columbus, Ohio. Stonerock had suspended himself from the water tank in a movable boatswain's chair. As he worked on the northeastern leg of the tower, he came into contact with high voltage electrical lines that attached to the leg approximately forty feet above the ground. A Jeffrey employee found Stonerock's body lying across the wires, one to two feet from the empty boatswain's chair.
 
 
 3
 After an OSHA compliance investigator visited the site of the fatality, the Secretary of Labor cited Martin Painting for a violation of the OSHA electrical power safety standard. The Secretary proposed to fine Martin Painting $550, which amount reflected the gravity of the violation discounted by Martin Painting's small size, cooperation with the investigation, and otherwise good safety record. See 29 U.S.C. § 666(i) (criteria for assessment of fines by the Commission).
 
 
 4
 Martin Painting contested the citation and penalty. An administrative law judge of the Commission, finding that Martin Painting had a reasonable training program, vacated the Secretary's actions. The Secretary sought review by the Commission, which affirmed the citation but reduced the penalty to $400 in further recognition of Martin Painting's good faith cooperation. At issue before the Commission were the precautions taken by Martin Painting prior to the electrocution. Martin Painting, which denied knowledge of the violation, contended that it had exercised reasonable diligence with respect to the electrical hazard. The company noted that its field supervisor for the Jeffrey project had warned Stonerock of the potential danger posed by the electrified wires. The field supervisor also had indicated that the company might provide a cherry-picker in lieu of the boatswain's chair for painting near the electrical lines. In addition, the field supervisor had arranged to have power to the lines shut off at a later date, on which Stonerock more safely could paint the northeastern leg, and had instructed Stonerock's co-worker to ask Jeffrey before painting whether the lines had been enervated. Martin Painting further observed that it had sponsored annual safety meetings for the employees, and generally had advised its workers to stay at least ten feet away from active electrical lines.
 
 
 5
 The Commission found that Martin Painting nonetheless had failed to use reasonable diligence to ensure Stonerock's safety, and had knowledge of the violation. According to the Commission, Martin Painting had failed to give Stonerock any specific instructions regarding the lines. The company did not tell Stonerock, who was killed on a Thursday, about the plans to shut down the lines on the following Saturday. Nor did the company suggest that Stonerock should not work on the northeastern leg until then. The company likewise did not tell Stonerock, as it had told his fellow employee, to consult with Jeffrey regarding the deactivation of the lines. No cherry-picker was provided; nothing further ever was said about the cherry-picker. "Stonerock," the Commission concluded, "could well have believed that he had to paint close to the (electrical) lines in order to perform his job." The Commission thus reversed the decision of the administrative law judge and affirmed the citation issued by the Secretary.
 
 
 6
 Martin Painting has asked this Court to vacate the Commission's order. Under 29 U.S.C. § 660(a), the findings of the Commission are conclusive "if supported by substantial evidence." This Court has interpreted the term "substantial evidence" to mean, in the context of OSHA violations, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Dunlop v. Rockwell International, 540 F.2d 1283, 1287 (6th Cir. 1976), quoting Jones v. Priebe, 489 F.2d 709, 710 (6th Cir. 1973). The evidence "must be enough to warrant denial of a motion for a directed verdict in a civil case tried to a jury." Id.
 
 
 7
 The evidence on which the Commission based its determination satisfies the substantiality test. Reasonable minds could differ over the implications of the evidence. Yet the evidence was not inadequate to support the finding that Martin Painting should have anticipated the violation. Cf. Brennan v. Butler Lime and Cement Company, 520 F.2d 1011, 1017-19 (7th Cir. 1975) (negligence of employee does not relieve employer of responsibility for serious violation, where violation was foreseeable due to inadequacy of safety precautions).
 
 
 8
 Accordingly, the order of the Commission is affirmed.
 
 
 
 [1]
 Section 5(a)(2) of the Act requires that every employer affecting interstate commerce "shall comply with occupational safety and health standards promulgated under the Act." 29 U.S.C. § 654(a)(2). 29 C.F.R. § 1926.400(c)(1), the cited safety standard, provides in pertinent part:
 (1) No employer shall permit an employee to work in such proximity to any part of an electric power circuit that he may contact the same in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding it by effective insulation or other means. . . .
 Section 17(k) of the Act, 29 U.S.C. § 666(j), defines a serious violation as one creating a "substantial probability that death or serious physical harm could result . . . unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."