**Alex M. CROFOOT, Petitioner,**

v.

**UNITED STATES GOVERNMENT PRINTING OFFICE, Respondent.**

**Appeal No. 84–1603.**

United States Court of Appeals, Federal Circuit.

May 2, 1985.

Davis, Circuit Judge, dissented in part and filed opinion.

James J. Brudney, Bredhoff & Kaiser, Washington, D.C., argued for petitioner. With him on the brief was Jeffrey R. Freund, Washington, D.C.

Sandra P. Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director, Washington, D.C.

Before RICH and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.

COWEN, Senior Circuit Judge.

Petitioner seeks a review of a final order of the Merit Systems Protection Board (MSPB or Board), MSPB Docket Number DC07528211510, 21 M.S.P.R. 248, which upheld his removal on the ground of notoriously disgraceful conduct. For the reasons to be set forth, the decision of the Board is affirmed in part, reversed in part, and remanded.

## I.

Petitioner was removed from his position of Photocomposition Keyboard Operator for the Government Printing Office (GPO) in July 1982. The agency cited three reasons for its action: (1) Unauthorized absences from work; (2) Notoriously disgraceful conduct; and (3) Falsehood. The latter two charges stemmed from a claim filed by petitioner in 1981 for workmen's compensation, after he allegedly sustained an injury on the job. As a result of its investigation, GPO concluded that petitioner suffered the injury while intoxicated near his home and filed criminal fraud charges against him.

Petitioner was indicted for the felony of fraud against the United States Government, but his trial, in the United States District Court for the District of Columbia, resulted in a hung jury. Shortly thereafter, pursuant to a plea bargain with the prosecutor, petitioner entered a plea of guilty to the lesser charge of "false pretenses," a misdemeanor in the District of Columbia. This plea was entered and accepted by the court under the doctrine of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The *Alford* doctrine provides that a court may accept a knowing and voluntary plea of guilty from a defendant, even though the defendant maintains his innocence, provided the trial judge determines that there is a factual basis for the plea. Petitioner and his counsel stated in the district court that he was entering this plea, even while denying his guilt, because of the risk of a greater penalty (he was informed that the jury had voted 11 to 1 for conviction of the felony), the expense of a new trial, and the increased likelihood of retaining his job at the GPO if convicted of only a misdemeanor.

Petitioner was removed by the GPO shortly after his guilty plea was accepted by the district court. Upon petitioner's appeal to the Board, the presiding official upheld the removal. She determined that the agency's first charge, of unauthorized absences, could not stand as an independent basis for the removal. She found, however, that the GPO had established its charge of notoriously disgraceful conduct by a preponderance of the evidence.

The presiding official also sustained the agency's falsehood charge on the ground of collateral estoppel, stating that petitioner's conviction for false pretenses precluded him from denying that he had submitted a false claim. Relying on MSPB decisions in which fraudulent conduct of an employee was either admitted or established in the hearing before the MSPB, the presiding official held that the *two* sustained charges raised a presumption that the petitioner's conduct impaired the efficiency of the service and that he had not presented sufficient evidence to rebut the presumption. However, in a footnote, the presiding official added that if the doctrine of collateral estoppel did not apply, she would find the agency had not met its burden of proof with respect to the charge of falsehood.

On appeal, the Board determined that petitioner was not collaterally estopped from contesting the agency's falsehood charge, because the district court judge had made no factual determination with respect to the conduct underlying his conviction. It then upheld the presiding official's factual finding in her footnote that the agency's falsehood charge was not supported by preponderant evidence. Thus, the Board found that the GPO's only sustainable charge was of notoriously disgraceful conduct. Nonetheless, the Board upheld the presiding official's finding of nexus, stating that the nature of the charge against petitioner raised a presumption of nexus and that petitioner had adduced insufficient evidence to rebut the presumption. It therefore sustained the GPO's removal of petitioner.

It is apparent that the Board's finding of nexus was based largely on the unproven charge of falsification, because the Board stated that "in the present case, the fraudulent conduct is perpetrated against the employing agency, and the appellant is claiming a benefit for an alleged on-the-job injury."

## II.

■ Under 5 U.S.C. § 7513(a), federal agencies may discharge employees only for such cause as will promote the efficiency of the service. Ordinarily, the burden is placed on the agency to demonstrate that such a "nexus" exists. *Phillips v. Bergland*, 586 F.2d 1007, 1011 (4th Cir.1978); *Young v. Hampton*, 568 F.2d 1253, 1259 (7th Cir.1977); *Merritt v. Department of Justice*, 6 MSPB 493, 510 (1981). In instances where the employee's conduct is so egregious that "it speaks for itself," however, a presumption of nexus is raised and the employee must rebut it. *Hayes v. Department of the Navy*, 727 F.2d 1535, 1539 (Fed.Cir.1984); *Masino v. United States*, 589 F.2d 1048, 1055, 218 Ct.Cl. 531 (1978).

■ If it had been found that petitioner committed the offense of defrauding the United States Government, the Board would have been correct in drawing a presumption of nexus from this offense. *See, e.g., Phillips*, 586 F.2d at 1011; *Jones v. Priebe*, 489 F.2d 709 (6th Cir.1973). Also, if the premise upon which the presiding official relied in applying the presumption of nexus—*i.e.*, that petitioner was collaterally estopped from challenging the merits of the falsehood charge—were valid, petitioner would have no ground on which to challenge the raising of this presumption by the Board.

However, we are presented with a difficult question, because after deciding that collateral estoppel did not apply, the Board upheld the presiding official's alternative finding that the agency did not meet its burden of proof on the falsehood charge. In so doing, the Board eliminated a crucial component of the basis employed by the presiding official for applying a presumption of nexus.

The Board's decision to apply the presumption of a nexus was based largely upon its own precedents in cases where employees have been convicted of an offense involving fraud against the Federal Government. *See, e.g., Gordon v. Government Printing Office*, 9 MSPB 6, 9 M.S. P.R. —— (1982); *Gamble v. United States Postal Service*, 6 MSPB 487, 6 M.S.P.R. 578 (1982). In these cases, however, it was found that the employees committed the fraudulent conduct underlying the conviction.

■ We think that the Board's holding on the nexus issue constituted an error of law which requires reversal pursuant to 5 U.S.C. § 7703(c)(1). In the pertinent cases we have found, the presumption was raised where it was factually established that the employee had committed the offense with which he was charged. *See, e.g., Hayes*, 727 F.2d at 1536 (employee tried and found guilty of assault and battery); *Masino*, 589 F.2d at 1054 (customs inspector admitted and never subsequently denied smoking marijuana); *Gueory v. Hampton*, 510 F.2d 1222, 1224 (D.C.Cir.1974) (employee found by Civil Service Commission to have "killed a fellow human being"). Since the Board did not find that petitioner had committed the offense underlying the charge against him, and since he has consistently denied doing so, we think that reliance on this line of cases would be misplaced.

Raising the presumption of a nexus places an extraordinary burden on an employee, for it forces him to prove the negative proposition that his retention would not adversely affect the efficiency of the service. Moreover, the unusual circumstances of this case raise doubts which we cannot resolve on the basis of the record before us. The principal problem we are confronted with is the closely contested issue of whether, absent any presumption in favor of the GPO, there was a nexus between the sole sustained charge of notoriously disgraceful conduct and the efficiency of the service. Because neither the Board nor the presiding official made any findings of fact on the question, we believe a remand of this case to the Board for its determination is the only appropriate remedy. *See Cooper v. United States*, 639 F.2d 727, 226 Ct.Cl. 75 (1980) (remand required for factual finding of misconduct before a presumption of nexus could be drawn).

## III.

We hold, however, that substantial evidence supports the Board's finding that under the circumstances of this case, petitioner's plea of guilty and subsequent conviction on the charge of false pretenses was notoriously disgraceful conduct. Specifically, the testimony of various agency officials, found credible by the Board, showed that petitioner's conviction was known throughout the agency and was considered particularly disgraceful by the GPO because of the unusually high number of workers' compensation claims, many of which were found to be false by the agency.

Assuming that a nexus is established, a conviction on a plea of guilty under the *Alford* doctrine may, in the Board's discretion, be considered as the basis for the employee's removal. Although there is a dearth of case law which delineates the collateral consequences of a conviction pursuant to an *Alford* plea, we think that at least the same consequences should attach to such a conviction as to a conviction under a *nolo contendere* plea, considered analogous to the *Alford* plea by the Supreme Court.[1] 400 U.S. at 37, 91 S.Ct. at 167; *see also* Fed.R.Crim.P. 11(f) advisory committee note (1974). In an *Alford* plea, as in a *nolo contendere* plea, the defendant "voluntarily, knowingly, and understandingly consent[s] to the imposition of a [criminal penalty] even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. at 37, 91 S.Ct. at 167.

Several courts have held that the fact of a *conviction* pursuant to a *nolo contendere* plea gives rise to a variety of collateral consequences in subsequent proceedings. *See, e.g., Qureshi v. Immigration*

*and Naturalization Service*, 519 F.2d 1174 (5th Cir.1975) (*nolo* conviction as basis for deportation of aliens); *Sakoloff v. Saxbe*, 501 F.2d 571 (2d Cir.1974) (*nolo* conviction as grounds for revocation of a physician's certificate of registration to distribute regulated drugs); *George v. Black*, 732 F.2d 108, 110 (8th Cir.1984) (*nolo* conviction as grounds for conducting a civil health commitment proceeding); Fed.R.Crim.P. 11(b) advisory committee note (1974) (*nolo* conviction as grounds for imposition of multiple offender statutes).

## IV.

Since we find that the Board's decision on the nexus issue is both ambiguous and inadequate, the case is *remanded* to the MSPB with instructions to make new findings of fact and conclusions of law on the question whether a nexus existed between the sustained charge of notoriously disgraceful conduct and the efficiency of the service. In all other respects, the decision of the Board is *affirmed*.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

DAVIS, Circuit Judge, dissenting in part:

I do not disagree with Parts I and II of the court's opinion (except for the ordering of a remand), but I reject the conclusion in Part III that, *in this case*, substantial evidence supports the Board's finding that petitioner's *Alford* plea-and-conviction show notoriously disgraceful conduct. For me, the critical factors here are that (a) the presiding official expressly held, after the *Alford* conviction, that the agency had not in fact proven that Crofoot actually committed the offense underlying his *Alford* plea but rather that his evidence that he

---

1. Although we need not resolve the issue here, an *Alford* plea of guilty might arguably warrant more severe collateral consequences than a *nolo contendere* plea, because a court that receives the former, but not the latter, must independently determine that the plea has a factual basis. *Alford*, 400 U.S. at 36 n. 8 and 38 n. 10, 91 S.Ct. at 167 n. 8 and 167 n. 10. If a factual basis for an *Alford* plea is not set forth in the record, the acceptance of such a plea can be

reversible error. *Willett v. State of Georgia*, 608 F.2d 538, 540 (5th Cir.1979); *United States ex rel. Dunn v. Casscles*, 494 F.2d 397 (2d Cir.1974). Indeed, in the circuit in which petitioner was convicted, the "factual basis" requirement has been construed as requiring a showing of a "high probability of guilt" for *Alford*-type pleas. *Griffin v. United States*, 405 F.2d 1378, 1380 (D.C.Cir.1968); *Bruce v. United States*, 379 F.2d 113, 119 n. 19 (D.C.Cir.1967).

did *not* commit the offense was credible, and (b) the full MSPB specifically upheld those determinations. That being so, I cannot see how the prior *Alford* plea-and-conviction could show notoriously disgraceful conduct. If the MSPB had not made the findings it did—either making no findings at all on the facts or accepting the *Alford* plea as conclusive [1]—an *Alford* conviction might indicate notoriously disgraceful conduct. But the MSPB findings show that *this Alford* plea-and-conviction now stands simply for petitioner's fears of wrongful conviction plus his unwillingness to go through another trial. That cannot amount to "notoriously disgraceful conduct." If it be said that his fellow employees would not know of the MSPB findings and would therefore believe he had in fact committed the offense, the answer is that, on Crofoot's reinstatement, he and the Government Printing Office should publicize the MSPB findings. In entering his *Alford* plea petitioner had denied he had committed the offense, and accordingly he would be consistent in continuing to deny; the agency could routinely bow to the MSPB's factual findings (as to the offense) which this court does not overturn.

In holding that the *Alford* plea-and-conviction is enough by itself to show notoriously disgraceful conduct, the court seems to me wholly to disregard the crucial presence in this case of the MSPB's factual findings that Crofoot has not been shown to have committed the offense. Because of those findings I would reverse and direct his reinstatement because the only significant charge sustained by the MSPB—notoriously disgraceful conduct—has no substantial support.

---

1. It must be remembered that here the full MSPB refused to apply the principles of former adjudication (collateral estoppel) to the *Alford* conviction, and today's majority does not overturn that ruling.