**Alexander M. CROFOOT, Petitioner,**

v.

**GOVERNMENT PRINTING OFFICE, Respondent.**

**Appeal No. 87–3021.**

United States Court of Appeals, Federal Circuit.

June 26, 1987.

Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.

FRIEDMAN, Circuit Judge.

The petitioner appeals from a decision of the Merit Systems Protection Board (Board), Docket No. DC07528211510REM, that found a nexus between the petitioner's removal for having pled guilty to and been

convicted of the crime of false pretenses and the efficiency of the service. We affirm.

I

A. The petitioner was employed as a photocomposition keyboard operator at the United States Government Printing Office (agency). On February 17, 1981, the petitioner filed a claim for workers' compensation, asserting that he had suffered a work-related leg injury. As a result of this claim, the petitioner was paid $3,860.40 in lost wages and medical expenses.

The agency later investigated the petitioner's claim because it suspected that the petitioner had suffered his leg injury while off-duty rather than at work. The results of the investigation were referred to the United States Attorney for the District of Columbia, and on December 4, 1981, a federal grand jury returned a felony indictment against the petitioner, alleging that he had defrauded the United States government.

The petitioner's trial resulted in a "hung jury," with eleven jurors voting for conviction. Subsequently, after negotiations with the prosecutor, the petitioner pled guilty under the doctrine of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the misdemeanor charge of false pretenses. When entering an *Alford* plea, the "defendant denies the relevant facts of the offense but agrees to accept legal responsibility in order to avoid the risk of a more severe penalty." *See Crofoot v. United States Gov't Printing Office*, 21 M.S.P.R. 248, 251 (1984).

Thus, when the petitioner entered his plea he denied having submitted a false claim. He acknowledged, however, that he understood that his plea had the same legal effect in the criminal proceeding as any other guilty plea. Following conviction, the court placed the petitioner on probation for two years and ordered that he make full restitution of the $3,860.40 in compensation benefits the government had paid him.

Soon after his conviction, the agency removed the petitioner based on three charges: failing to report for duty, notoriously disgraceful conduct, and submission of a false claim. The first charge was based on the fact that the petitioner had 149 hours of unauthorized absence between September of 1981 and April of 1982. The second charge was based on the petitioner's felony indictment and subsequent guilty plea to the misdemeanor of false pretenses, and the third charge was based on the petitioner's submission of an allegedly fraudulent claim for worker's compensation benefits.

The petitioner appealed to the Board, and, after a hearing, the presiding official upheld the removal. *Crofoot v. United States Gov't Printing Office*, No. 07528211510 (MSPB Sept. 21, 1983). Although the presiding official sustained the first charge against the petitioner, she ruled that the petitioner's failure to report for duty, when considered apart from the other charges, was insufficient to justify the petitioner's removal. The presiding official also sustained the agency's second charge, finding that the petitioner's indictment and subsequent guilty plea constituted notoriously disgraceful conduct. As to the agency's third charge, the presiding official held that the petitioner was collaterally estopped by his guilty plea and subsequent criminal conviction to deny that he had submitted a false claim. The presiding official ruled, however, that if the doctrine of collateral estoppel did not apply, the agency had not met its burden of showing by a preponderance of the evidence that the petitioner had submitted a false claim.

The Board granted review and affirmed the dismissal. *Crofoot v. United States Gov't Printing Office*, 21 M.S.P.R. 248 (1984). The Board held that the petitioner was not collaterally estopped to deny that he had submitted a false claim since the district court had not made a factual determination on the conduct underlying the petitioner's conviction. The Board also affirmed the presiding official's determination that the agency had failed to prove by a preponderance of the evidence that the petitioner had submitted a false claim. Accordingly, the Board held that the charge

based on the submission of a false claim could not be sustained.

The Board affirmed the petitioner's removal on the grounds that the petitioner's conviction for false pretenses constituted notoriously disgraceful conduct, and that such conduct bore a sufficient nexus to the efficiency of the service to warrant removal. According to the Board,

> the deliberate falsification of documents for the purpose of defrauding the government is sufficient to raise a presumption of nexus. [The petitioner's] conviction for false pretenses casts doubt on his honesty, reliability and ethical conduct and undermines his trustworthiness, an essential ingredient of the employer-employee relationship.... [The petitioner] failed to present sufficient evidence to rebut this presumption.... Thus, the presiding official correctly found a nexus between the notorious conduct charge and the efficiency of the service.

*Id.* at 253 (citations omitted).

B. This court affirmed the Board's determination that the "petitioner's plea of guilty and subsequent conviction on the charge of false pretenses was notoriously disgraceful conduct." *Crofoot v. United States Gov't Printing Office,* 761 F.2d 661, 665 (Fed.Cir.1985). We held, however, that the Board erred when it presumed that a nexus existed between the petitioner's plea and conviction and the efficiency of the service. *Id.* at 664. We noted that a presumption of nexus would be appropriate if the petitioner had been shown to have committed the underlying offense of submitting a false claim; that the presiding official specifically ruled that the agency failed to prove that the petitioner's claim had been fraudulent; and that in entering his *Alford* plea, the petitioner maintained that he was innocent of the charges against him.

We concluded that because there was neither proof nor an admission that the petitioner had committed the underlying offense, the Board had erred in relying on a presumption of nexus. *Id.* We therefore remanded the case to the Board to "make new findings of fact and conclusions of law" in order to determine "whether, absent any presumption in favor of the [government], there was a nexus between the ... charge of notoriously disgraceful conduct and the efficiency of the service." *Id.* at 665, 664.

On remand, the presiding official determined, after a submission of briefs on the issue, that there was a sufficient nexus between the petitioner's plea and subsequent conviction and the efficiency of the service.

In denying review, the Board upheld this determination in an opinion. The Board held that it was proper to draw an inference of untrustworthiness from the fact that the petitioner had pled guilty to, and been convicted of, the crime of false pretenses. Moreover, the Board ruled that:

> While [the petitioner] correctly points out that some of the testimony concerning nexus linked the notoriously disgraceful conduct charge with the unproven underlying falsification, other evidence established that [the petitioner's] conviction alone caused the agency to lose confidence in [the petitioner's] honesty and integrity and raised concern over the integrity of the workers' compensation system. For example, one agency witness stated that [the petitioner's] removal for his conviction would deter others from making future claims.

*Crofoot v. United States Gov't Printing Office,* 31 M.S.P.R. 442, 444 (1986).

The Board concluded, therefore, that there was a sufficient nexus between the petitioner's guilty plea and conviction and the efficiency of the service. *Id.*

## II

The petitioner's sole contention on appeal is that there is not substantial evidence in the record to support the Board's finding that there was a nexus between the petitioner's conviction for false pretenses, entered on his *Alford* plea, and the efficiency of the service. The petitioner contends that the evidence upon which the Board relies established a nexus only between his submission of a false claim—a charge the

Board did not uphold—and the efficiency of the service, and not between his conviction for false pretenses and that efficiency. The Board's decision should be reversed, according to the petitioner, because there is "no relevant evidence to support the conclusion that the [petitioner's] conviction alone has any nexus to the efficiency of the service...."

The petitioner's contention rests upon a misunderstanding of both our prior decision and the significance of the petitioner's conviction for false pretenses in response to his *Alford* plea.

■ Our prior decision that the petitioner's guilty plea to and conviction of false pretenses constituted "notoriously disgraceful conduct" necessarily established that, apart from whether the petitioner was shown to have filed a false claim, the plea and conviction themselves constituted such conduct. The guilty plea and conviction did not occur in the abstract but related specifically to the offense of false pretenses. The Board thus properly relied upon evidence showing the adverse effect that the petitioner's plea to and conviction for that offense had upon the efficiency of the service.

The record shows that the agency spent substantial sums on its worker's compensation program and was faced with an increasing number of fraudulent claims. It also shows that the petitioner's conviction was well-known within the agency. *Cf. Gloster v. General Servs. Admin.*, 720 F.2d 700, 704 (D.C.Cir.1983) (nexus did not exist where employee's conviction was not common knowledge in agency). According to one of the petitioner's supervisors, if the petitioner were allowed to return to work after his conviction, other employees might be encouraged to submit false claims. The petitioner's removal was therefore an appropriate measure to deter fraudulent claims and to ensure the continued integrity of the agency's worker's compensation program.

■ The Board likewise properly concluded that the agency justifiably lost confidence in the petitioner's trustworthiness as a result of his guilty plea to and conviction of the crime of false pretenses. That crime is intimately connected to an employee's trustworthiness and reliability. The petitioner's conviction for false pretenses could reasonably cause the agency to lose confidence in his ability to perform his duties in a trustworthy manner. *See Bryant v. United States Postal Serv.*, 12 MSPB 282, 284, 14 M.S.P.R. 109 (1982) (nexus found between conviction for theft, based on plea of *nolo contendere*, and efficiency of service because conviction caused agency to lose confidence in employee).

■ The petitioner argues that no inference of untrustworthiness should result from his plea because it was entered under the doctrine of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The *Alford* doctrine allows a defendant to plead guilty to a crime without admitting that he engaged in the conduct that forms the basis for the conviction. "An *Alford* plea[, however,] is a guilty plea," *see Graybill v. United States Postal Serv.*, 782 F.2d 1567, 1573 n. 1 (Fed.Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 462, 93 L.Ed.2d 407 (1986), and may appropriately be considered by the agency in its determination to remove an employee. As we explained when this case previously was before this court:

Assuming that a nexus is established, a conviction on a plea of guilty under the *Alford* doctrine may, in the Board's discretion, be considered as the basis for the employee's removal. Although there is a dearth of case law which delineates the collateral consequences of a conviction pursuant to an *Alford* plea, we think that at least the same consequences should attach to such a conviction as to a conviction under a *nolo contendere* plea, considered analogous to the *Alford* plea by the Supreme Court. 400 U.S. at 37, 91 S.Ct. at 167; *see also* Fed.R.Crim.P. 11(f) advisory committee note (1974). In an *Alford* plea, as in a *nolo contendere* plea, the defendant "voluntarily, knowingly, and understandingly consent[s] to the imposition of a [criminal penalty] even if he is unwilling or unable to admit his participation in the acts constituting

the crime." 400 U.S. at 37, 91 S.Ct. at 167.

761 F.2d at 665 (footnote omitted).

▆ The circuit in which the petitioner was convicted requires that the court find that there is a "high probability" that the defendant has committed the underlying offense before it may accept an *Alford* plea. *See Griffin v. United States*, 405 F.2d 1378, 1380 (D.C.Cir.1968); *Bruce v. United States*, 379 F.2d 113, 119–20 n. 19 (D.C.Cir.1967); *see also McCoy v. United States*, 363 F.2d 306, 308 (D.C.Cir.1966) (judge may not accept any guilty plea "unless satisfied [that] there [is] significant evidence that the accused was involved or implicated in the offense"). In light of this requirement, the fact that the petitioner was convicted of the crime of false pretenses following an *Alford* plea could reasonably cause the agency to lose confidence in the petitioner's trustworthiness and to conclude that his removal would promote the efficiency of the service.

In sum, we cannot say that the Board's determination of nexus is arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

### CONCLUSION

The decision of the Merit Systems Protection Board sustaining the removal of the petitioner is affirmed.

AFFIRMED.

BALDWIN, Senior Circuit Judge, dissenting.

I respectfully disagree with the majority on the question of whether there is substantial evidence to support the board's finding that removal as a collateral consequence of a conviction pursuant to an *Alford* plea, in this instance, bears a nexus to the efficiency of the service. Substantial evidence requires a factual basis, supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.

1984). On this record, I would not determine that there is substantial evidence to support the finding of a nexus.

The majority has affirmed a board finding that the conviction, itself, was notoriously disgraceful conduct which caused the agency a loss of confidence and trust in petitioner's work as a photo composition keyboard operator for the agency. On the basis of the conviction alone (not upon any specific evidence of misconduct), a nexus was found between removal and the efficiency of the service.

Because petitioner was convicted in a circuit which requires that the court find a "high probability" that the underlying offense was committed before it may accept an *Alford* plea, the majority concludes that the conviction could reasonably cause the agency to lose confidence in petitioner's trustworthiness. In my view this is a procedural inference, not substantial evidence which could form the basis for a conclusion that petitioner's removal would promote the efficiency of the federal service. The record simply does not provide us with a factual basis upon which to relate the conviction to mistrust in the nature of petitioner's performance of his duties as a photo composition keyboard operator.

Likewise, I disagree with the finding of a nexus between petitioner's return to work and the agency's desire to deter fraudulent workmen's compensation claims. There is testimony which establishes knowledge in the agency of petitioner's *Alford* conviction. The agency supposes that, because of such knowledge, petitioner's mere presence on the job will encourage future false claims. The agency's supposition, however, is not substantial evidence of a nexus linking petitioner's removal to the agency goal.

We have stated that there is no presumption of a nexus in this case. *Crofoot v. United States*, 761 F.2d 661, 664 (Fed.Cir. 1985). The burden is therefore upon the agency to demonstrate that such a nexus exists. *See Graybill v. United States*, 782 F.2d 1567, 1573 (Fed.Cir.1986). This is not an instance of conduct so egregious that "it speaks for itself." *See Allred v. Depart-*

*ment of Health and Human Services,* 786 F.2d 1128, 1130 (Fed.Cir.1986).

The nexus requirement should be particularly strict in light of the dearth of case law which delineates collateral consequences of a conviction from an *Alford* plea. From that standpoint, the agency has failed to carry the burden and the board's opinion lacks the requisite substantial evidentiary support. I would reverse the finding of a nexus and vacate the agency removal action.