892 F.2d 1051
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley Robert MURRELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3384.
 United States Court of Appeals, Federal Circuit.
 Dec. 26, 1989.
Rehearing Denied Feb. 15, 1990.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH, Senior Circuit Judge, and CHARLES R. NORGLE, Sr., District Judge*.
 DECISION
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 Stanley R. Murrell petitions for review of the Merit Systems Protection Board decision of June 21, 1989.[1] This decision upheld Murrell's removal from the United States Postal Service following his conviction on charges of sexual misconduct with a minor child and subsequent absence without leave. We affirm.
 
 
 2
 On February 3, 1988, appellant Murrell, a twenty year veteran of the Postal Service, was arrested and charged with the felony of criminal sexual misconduct on his five year old stepson. An indictment issued in April 1988 charging Murrell with violations of S.C.Code Ann. §§ 16-3-655(1), criminal sexual conduct in the first degree; and 16-15-140, lewd act on a minor. In September 1988, appellant was convicted after a jury trial and sentenced to a term of 15 years in prison.
 
 
 3
 As a result of his conviction and the absence without leave resulting from his incarceration, appellant was removed, effective October 28, 1988, from his position as an Address Information Systems Clerk at the Greenville, South Carolina Post Office. Murrell waived his right to a hearing and appealed his removal directly to the MSPB.
 
 
 4
 The MSPB Administrative Judge (AJ) sustained the charges against Murrell and upheld the penalty of removal, holding appellant collaterally estopped from disputing the validity of the criminal charges for which he was convicted.[2] Appellant's absence without leave and indefinite unavailability for work, both results of his criminal misconduct, were also upheld as justification for the penalty of removal.
 
 
 5
 As a federal agency, the Postal Service is vested with the authority to discharge employees for such cause as will promote the efficiency of the service.[3] As a general rule, the agency bears the burden of demonstrating the existence of a nexus between the challenged conduct and the efficiency of the service.[4] In considering whether the Postal Service had made such a showing, the AJ found Murrell's conduct so egregious that a presumption of nexus was raised. Nexus was also found with respect to the other charges, absence without leave and indefinite unavailabilty, since these offenses by their nature disrupt the efficiency of the service.[5]
 
 
 6
 Finally, although Murrell failed to contest the severity of his penalty, the AJ held the removal reasonable notwithstanding appellant's twenty years of service.[6]
 
 
 7
 The ability of this court to review a decision of the MSPB is limited.[7] The Board's decision must be affirmed unless found to be (1) arbitrary, capricious, or an abuse of discretion; (2) obtained without procedures required by law, rule, or regulation being followed; or (3) unsupported by substantial evidence.[8] To review an MSPB decision regarding an adverse agency action, this court discharges its duty when we apply Section 7703 to determine whether the contested decision complies with the applicable statute and regulations and whether it has a rational basis supported by substantial evidence from the record taken as a whole.[9]
 
 
 8
 Appellant makes two basic arguments in his informal brief. First, he argues that this court should stay his appeal pending exhaustion of his criminal appeals in the South Carolina state courts. Unfortunately, such a stay, even if granted, would be unavailing in appellant's attempt to gain reinstatement. It has been held on many occasions that aquittal of a criminal charge does not lead inexorably to the conclusion that an adverse personnel action was unjustified or unwarranted, where based on the same alleged conduct.[10] Removal for immoral conduct has been affirmed even after the criminal conviction forming the basis for the removal has been reversed on appeal.[11] The AJ found below that appellant's off duty conduct was so egregious that it would seriously interfere with appellant's ability to fulfill his assigned mission. The facts before the Board revealed that Murrell's job responsibilities brought him into regular contact with members of the public, including children. In addition, the record below indicates that appellant's criminal conduct had become known to the public and his fellow employees, so the members of the Greenville Post Office staff found it increasingly difficult to work with him following his conviction. We find no error in the Board's conclusion that a nexus could be presumed to exist between Murrell's misconduct and the efficiency of the service. We conclude that the agency has demonstrated the required connection between appellant's job related responsibilities and the off duty offense to warrant termination.
 
 
 9
 Second, Murrell contends that his prior disciplinary record was improperly considered by the MSPB in reaching its decision on the penalty. This contention is utterly without merit. The AJ considered appellant's years of service and found his tenure insufficient to mitigate the penalty in light of the seriousness of the offenses and the subsequent criminal conviction, but nowhere does the Board mention Murrell's prior record of discipline as an aggravating circumstance warranting removal.
 
 
 10
 The court is satisfied that the agency action, as affirmed by the MSPB, had a rational basis, was supported by substantial evidence, was in good faith, and was without an abuse of discretion or in violation of procedures required by law. The Post Office occupies a position of trust within the community and it acted reasonably to regulate the working environment of its other employees and to protect the citizens whom it serves.
 
 
 
 *
 Judge Charles R. Norgle, Sr., of the Northern District of Illinois, sitting by designation
 
 
 [1]
 41 M.S.P.R. 343
 
 
 [2]
 See Graybill v. United States Postal Service, 782 F.2d 1567, 1570 (Fed.Cir.1986)
 
 
 [3]
 5 U.S.C. § 7513(a) (1988)
 
 
 [4]
 Graybill, 782 F.2d at 1573, Crofoot v. United States Printing Office, 761 F.2d 661, 664 (Fed.Cir.1985)
 
 
 [5]
 Davis v. Veteran's Administration, 792 F.2d 1111, 1113 (Fed.Cir.1986)
 
 
 [6]
 Graybill, 782 F.2d at 1574
 
 
 [7]
 See 5 U.S.C. § 7703(c) (1988)
 
 
 [8]
 Graybill, 782 F.2d at 1570, citing Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)
 
 
 [9]
 Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)
 
 
 [10]
 Jankowitz v. United States, 533 F.2d 538, 542 (Ct.Cl.1976)
 
 
 [11]
 See Holman v. United States, 383 F.2d 411, 415 (Ct.Cl.1967)