897 F.2d 539
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William J. RIESE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3346.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1990.
 
 1
 Before MARKEY, Chief Judge, PAULINE NEWMAN, Circuit Judge, and PETER BEER, District Judge.*
 
 
 2
 PETER BEER, District Judge.
 
 DECISION
 
 3
 The decision of the Merit Systems Protection Board (board), No. DEO7528710375, affirming the initial decision as modified, and sustaining the United States Postal Service's removal of William J. Riese, is affirmed. Further, this court denies Riese's claim for attorney fees.
 
 OPINION
 
 4
 The board was neither arbitrary nor capricious in finding that, as of June 10, 1987, Riese had sufficient notice that it was contrary to Postal Service policy to leave an unattended parcel without the patron's written permission. Riese admitted in prehearing submissions that he was orally instructed in a meeting on May 19, 1987, three weeks before the misdelivery that prompted his discharge, not to deliver packages too large for receptacles without the patron's permission. There is also no dispute that this instruction was prompted by a similar if not identical misdelivery by Riese which occurred on May 15, 1987. In light of this evidence, Riese's argument that the administrative judge incorrectly relied upon Exhibit A to find that Riese knew the policy is not compelling.
 
 
 5
 Substantial evidence supports the board's finding that a nexus existed between Riese's failure to properly deliver and protect mail and the efficiency of the Postal Service. Following instructions of a supervisor, especially those which are designed to enforce postal policies, establishes a presumed nexus. See Crofoot v. Government Printing Office, 761 F.2d 661 (Fed.Cir.1985). Riese's contention that the board improperly relied upon the last chance agreement to presume a nexus existed is unpersuasive.
 
 
 6
 The board's finding that the Postal Service considered all relevant factors before selecting discharge as the appropriate penalty is also supported by substantial evidence. See DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984) (to defend appropriateness of a penalty, agency must demonstrate that it considered the "unique circumstances" of the case). As the board noted, the factors considered included: Riese's work performance, his behavior as it related to following rules and regulations, and the attempts at progressive discipline.
 
 
 7
 Riese contends that the Postal Service erroneously relied upon the last clear chance agreement in deciding to discharge him. We disagree, however, since the agreement was not even mentioned in the discharge notice and, according to the deciding official's testimony, the reason for terminating Riese was based on his personal contact with him over the last eight or nine years, coupled with Riese's extensive disciplinary record.
 
 
 8
 We have considered Riese's other contentions regarding his discharge and find them unpersuasive as to any reversible error. See 5 U.S.C. Sec. 7703(c).
 
 
 9
 Riese also argues that since his administrative appeal was remanded for a second hearing, he "prevailed", and therefore is entitled to attorney fees. See 5 U.S.C. Sec. 7701(g) (must be "prevailing party" to receive attorney fees). However, as this court has held: "[I]f a party wins on a purely procedural issue which results in a remand, then this has not made him a 'prevailing party' under other attorney fee provisions." Austin v. Department of Commerce, 742 F.2d 1417, 1420 (Fed.Cir.1984). Thus, awarding such fees would be improper.
 
 
 
 *
 District Judge Peter Beer of the Eastern District of Louisiana, sitting by designation