Roger V. JOHNSON, Petitioner,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
Respondent.

No. 00–3435.

United States Court of Appeals,
Federal Circuit.

June 22, 2001.

Before PAULINE NEWMAN, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Roger V. Johnson appeals a final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DE–0752–99–0219–I–1, sustaining his removal from the position of Clinical Nurse with the Indian Health Service (IHS) of the Department of Health and Human Services (HHS), and reversing the Board's initial decision with respect to its statutory interpretation of 25 U.S.C. § 3207 (1994). Because substantial evidence supports the Board's final decision, which was not arbitrary, capricious, or an abuse of discretion, this court *affirms*.

I.

Prior to his removal on April 30, 1999, HHS employed Mr. Johnson for approximately six years as a Clinical Nurse, GS–09. At the time of his removal, he was working at an IHS clinic in Pine Ridge, South Dakota. Before November 1998, Mr. Johnson received no prior discipline in the Federal service, and had no record of any criminal misconduct. On November 14, 1998, however, while driving off-duty with his family in Nebraska, Mr. Johnson

engaged in a heated verbal dispute with a local driver.

After the local driver complained to a sheriff's office, the County Court of Sheridan County, Nebraska, filed a complaint against Mr. Johnson with two felony counts: (1) threatening to commit a crime of violence with intent to terrorize another; and (2) using a firearm, or other deadly weapon, to commit a felony to wit: terroristic threat. Mr. Johnson told his supervisor that criminal charges had been filed against him. Consequently, Mr. Johnson was indefinitely suspended from his position without pay, pending the outcome of the criminal charges. On January 26, 1999, Mr. Johnson pled guilty to the lesser misdemeanor offense of attempted terroristic threats, i.e., that he attempted to commit a crime of violence with intent to terrorize another or with reckless disregard of the risk of causing such terror. On March 2, 1999, he was sentenced to a two-year probation and ordered to undergo counseling and pay a fine.

Approximately three weeks later, the Director of Nursing at his clinic proposed Mr. Johnson's removal for "failure to meet the suitability requirements of a Clinical Nurse who has regular contact or control over Indian children." Specifically, because his duties as a Clinical Nurse required Mr. Johnson to have regular contact with Indian children, and because he entered a plea of "nolo contendere" to a crime against a person under state law, the Director considered him unsuitable to remain employed as a Clinical Nurse under the Indian Child Protection and Family Violence Prevention Act, 25 U.S.C. § 3207. On April 21, 1999, the Service Unit Director at the Pine Ridge Indian Hospital removed Mr. Johnson from his position, finding that his removal would promote efficiency of the service based on his obligation under § 3207.

Mr. Johnson appealed his removal to the MSPB. In its initial decision, the administrative judge reversed the removal action, stating that 25 U.S.C. § 3207 was punitive in nature, and therefore must be construed in favor of Mr. Johnson. *Johnson v. Dep't of Health & Human Serv.,* Docket No. DE–0752–99–0219–I–1, slip op. at 14 (M.S.P.B. Sept.10, 1999) (*Initial Decision*). The Board noted that HHS proposed rules and guidelines interpreting § 3207, providing that employees in positions having regular contact with children were automatically ineligible for employment if they had been convicted of crimes against persons, were not codified or in effect at the time of Mr. Johnson's removal. *Initial Decision,* slip op. at 9, 12. The Board also found that HHS failed to show that it had defined "crimes against persons" under § 3207. On the other hand, relevant regulations of the Bureau of Indian Affairs (BIA) were in effect at the time of Mr. Johnson's removal. While the BIA defined "crimes against persons" under local law, it gave its managers discretion to interpret whether the crime was serious or significant enough to be covered under § 3207. 25 C.F.R. § 63.19(a) (1998) (stating that the employer "may deny employment or dismiss an employee when an individual has been found guilty of or entered a plea of guilty or nolo contendere to any Federal, state or tribal offense involving . . . crimes against persons").

Relying on BIA regulations as significant guidance, the administrative judge found that Mr. Johnson's misdemeanor conviction for off-duty threats did not render him unsuitable for employment as a Clinical Nurse. Moreover, the administrative judge gave weight to Mr. Johnson's argument that the specific language of § 3207 required multiple "crimes against persons." Thus, the administrative judge found that Mr. Johnson was suitable for

continued employment as a Clinical Nurse, and reversed the removal action.

After granting HHS's petition for review, however, the full Board reversed with respect to the interpretation of 25 U.S.C. § 3207. *Johnson et al. v. Dep't of Health & Human Serv.*, 86 M.S.P.R. 501 (M.S.P.B.2000) (*Final Decision*). Specifically, the Board found that the administrative judge erred by relying on BIA regulations and finding that the adjudicating agency official had discretion to consider mitigating factors under § 3207.

In accordance with *Chevron U.S.A., Inc. v. Natural Resources Defense Council. Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Board looked to see whether Congress had directly spoken via the language of § 3207. Based on the plain meaning of the statute, the Board found that § 3207(b) required, as the minimum eligibility standard for holding a covered position, that an employee could not be found guilty of, or enter a plea of nolo contendere or guilty to, a covered crime. *Final Decision*, slip op. at 8. The Board determined that if an individual who is being considered for employment, or who is already employed, fails to meet that minimum eligibility standard, that individual cannot be appointed or continue to be appointed to that position. *Id.*

The Board also found that the statute was clearly protective, rather than punitive, because the purpose of the statute was to prevent child abuse and protect Indian children. *Id.* at 9. Based on that purpose and the history of § 3207, the Board found that Congress created a presumption of a nexus between an employee's violation of the minimum standard of character and appointment to or continued service in a covered position. Consequently, the Board determined that there was a nexus between Mr. Johnson's off-duty misconduct and his job-related responsibilities

as a Clinical Nurse. Although the Board acknowledged that it could reduce a penalty imposed by an agency if certain mitigating circumstances existed under *Douglas*, the Board stated that the plain meaning of § 3207 prohibits individuals from holding an appointment to a covered position if they have been found guilty of, or enter a plea of nolo contendere or guilty to, a covered crime. Because HHS showed that there was no other position (i.e., one not involving contact with Indian children) to which Mr. Johnson could have been reassigned, the Board found that HHS was justified in removing him from his position. *Final Decision*, slip op. at 11.

Thus, the Board sustained Mr. Johnson's removal. Mr. Johnson appeals to this court, which has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. IV 1998).

## II.

■ This court must affirm any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). This court must reverse a decision of the Board if that decision is not in accordance with the requirements of the Due Process Clause of the Fifth Amendment or any other constitutional provision. *Khan v. United States*, 201 F.3d 1375, 1382 (Fed.Cir.2000).

On appeal to this court, Mr. Johnson argues that if 25 U.S.C. § 3207 creates an "irrebutable presumption" that conviction of certain crimes disqualifies an individual from Federal employment, it violates the right to substantive due process under the

Fifth Amendment, based on reasoning in *Harry G. Peterson v. Dep't of Health & Human Serv.*, Docket No. A98–0264–CV, slip op. at 18–19 (D.Alaska Sept. 28, 2000). *Peterson*, an unpublished decision from a district court, however, is not binding on this court.

 Moreover, the burden is on Mr. Johnson to show that there is no rational connection between his removal action under § 3207 and a valid interest of Congress. *Harrah Indep. Sch. Dist. v. Martin*, 440 U.S. 194, 198, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979) (stating that "the burden is on respondent to show that there is no rational connection between the Board's action and its conceded interest in providing students with competent, well-trained teachers"); *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632, 643, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974) (concluding that "the arbitrary cutoff dates embodied in the mandatory leave rules before us have no rational relationship to the valid state interest of preserving continuity of instruction"). Because Mr. Johnson's duties as a Clinical Nurse included regular contact with Indian children, his removal, based on his misdemeanor conviction of attempted terroristic threats, had a rational relationship to the valid interest of preventing child abuse and protecting Indian children.

Mr. Johnson also asserts on appeal that HHS was not required to remove Mr. Johnson from his position under § 3207. According to Mr. Johnson, the statute refers to an individual who is "appointed," not "continued to be appointed." Moreover, Mr. Johnson argues that HHS was required to, but did not, prescribe minimum standards of character for employees by regulations under § 3207.

Section 3207, entitled "Character investigations," requires that the Secretary of the Interior and Secretary of Health and Human Services:

(1) compile a list of all authorized positions within their respective departments the duties and responsibilities of which involve regular contact with, or control over, Indian children,

(2) conduct an investigation of the character of each individual who is employed, or is being considered for employment, by the respective Secretary in a position listed pursuant to paragraph (1), and

(3) prescribe by regulations minimum standards of character that each of such individuals must meet *to be appointed* to such positions.

25 U.S.C. § 3207(a) (1994) (emphasis added).

Paragraph (b) of § 3207 also provides:

The minimum standards of character that are to be prescribed under this section shall ensure that none of the individuals *appointed to* positions described in subsection (a) have been found guilty of, or entered a plea of nolo contendere or guilty to, *any offense* under Federal, State, or tribal law involving crimes of violence; sexual assault, molestation, exploitation, contact or prostitution; or *crimes against persons*.

25 U.S.C. § 3207(b) (1994) (emphasis added).

 Neither party disputes that Mr. Johnson's position as a Clinical Nurse is covered under § 3207(a)(1). The Board interpreted "individuals appointed to positions" in § 3207(b) to be individuals who either are considered for employment or are already employed in a position "described in subsection (a)." *Final Decision*, slip op. at 8. This court agrees with that plain meaning interpretation of the statute, particularly in light of the "shall ensure" language in § 3207(b). As discussed by the Board, "[t]he only way to 'ensure' that none of the individuals appointed to a cov-

ered position have been 'found guilty of, or entered a plea of nolo contendere or guilty to,' a covered crime is to make that prohibition the base eligibility require for obtaining and/or retaining employment in a covered position." *Id.*

While paragraph (b) uses the words "appointed to," that language does not exclude individuals who are already employed. Employed individuals were at one point "appointed to" their position. Moreover, the purpose of the statute, as discussed above, is to prevent child abuse and protect Indian children. That purpose will be frustrated if HHS cannot remove an employee who has pled guilty or nolo contendere to a covered offense after they become employed. Employees who plead nolo contendere to a covered offense after employment pose just as great a threat to Indian children as employees who plead nolo contendere to the same offense before they are employed.

In addition, contrary to Mr. Johnson's assertion, § 3207(b) provides sufficient minimum standards upon which HHS can take action, regardless of whether the agency has yet promulgated specific regulations, as required under paragraph (a)(3). As discussed in paragraph (b), the minimum standards of character must ensure that no appointed individual in a covered position has entered a plea of nolo contendere or guilty to any covered offense.

■ Mr. Johnson also asserts that a literal reading of § 3207 indicates that the statute applies to those who enter a plea of no contest to *"crimes* of violence" or

*"crimes* against persons." The word "crimes," according to Mr. Johnson, requires that an employee commit more than one crime. As discussed by the Board in its final decision, however, the key word in paragraph (b) is "offense," which is in the singular form.[1] *Final Decision,* slip op. at 7–8. The plural terms in paragraph (b), such as "crimes of violence" and "crimes against persons," refer to a list of the types of crimes that Congress intended to fall within the statute. Thus, § 3207(b) encompasses Mr. Johnson's single offense under Nebraska law involving crimes against persons.

Under 5 U.S.C. § 7513(a) (1994), a federal employee may be removed "for such cause as will promote the efficiency of the service." *Crofoot v. U.S. Gov't Printing Office,* 761 F.2d 661, 664 (Fed.Cir.1985). Thus, there must be a nexus between the employee's misconduct and the efficiency of the service. The nexus may be established either by specific evidence or by the nature of the conduct if it is so egregious as to "speak for itself." *Graybill v. U.S. Postal Serv.,* 782 F.2d 1567 (Fed.Cir.1986) (removal for criminal sexual misconduct upheld). Mr. Johnson contends that the Board erroneously considered the issue of nexus under § 7513. Mr. Johnson appears to argue that if he was prohibited by law under § 3207 from holding his position as a Clinical Nurse, no further analysis was necessary.

■ Sections 7513 and 3207, however, are not mutually exclusive. Under the terms of § 3207, the act of pleading nolo contendere to an offense under state law

---

1. Compared to § 3207(b) as amended on December 27, 2000, which now states: The minimum standards of character that are to be prescribed under this section shall ensure that none of the individuals appointed to positions described in subsection (a) have been found guilty of, or entered a plea of nolo contendere or guilty to, *any felonious offense, or any of two or more misdemeanor offenses,* under Federal, State, or tribal law involving crimes of violence; sexual assault, molestation, exploitation, contact or prostitution; crimes against persons; or offenses committed against children. 25 U.S.C. § 3207(b) (2001) (emphasis added).

involving crimes against persons, or any other covered offense, either inherently involves a nexus between an employee's misconduct and the efficiency of the service, or is so egregious as to "speak for itself." While this court agrees that Mr. Johnson's misdemeanor in this case may not be so egregious as to "speak for itself," a nexus clearly exists between his misconduct and efficiency of the service (i.e., one that necessarily involves the prevention of child abuse and protection of Indian children).

For the above-mentioned reasons, the Board's decision to affirm Mr. Johnson's removal from the position of Clinical Nurse is not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law. The final decision of the Board is therefore affirmed.