**Milan K. SHEPEL, Petitioner,**

v.

**DEPARTMENT OF COMMERCE, Respondent.**

No. 03–3120.

United States Court of Appeals, Federal Circuit.

June 20, 2003.

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Milan K. Shepel petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752020169–I–1, affirming his dismissal from the United States Patent and Trademark Office for discharging a firearm at work. The decision of the Board is *affirmed.*

### BACKGROUND

Mr. Shepel was employed as a Patent Classifier at the PTO when, on February 22, 2001, he brought a loaded firearm to work. He was a Virginia resident and had a Virginia permit to carry a concealed

weapon. In the process of showing the firearm to a fellow employee, Mr. Shepel accidentally shot himself in the leg. An ambulance crew was summoned and treated Mr. Shepel. Since the accident involved a firearm, the police were notified. No one else was injured and few other employees were in the office, the events occurring in the late afternoon.

The agency removed Mr. Shepel from his position, on grounds of discharging a weapon, inappropriate behavior, disorderly conduct, and conduct unbecoming a Federal employee. The agency relied upon 5 U.S.C. § 7513, which authorizes the removal of employees "only for such cause as will promote the efficiency of the service." Mr. Shepel appealed to the Board. The administrative judge merged the charges since they all were based on the act of discharging the firearm. Since the act itself was admitted, the judge examined whether there was a nexus between the act and the mission of the agency and whether the penalty was appropriate to the admitted behavior. Concluding that a nexus existed and that the penalty was appropriate, the administrative judge affirmed the agency's action. The full Board denied review; this appeal followed.

## DISCUSSION

A federal agency is authorized to discharge employees "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). The agency must show a nexus between the action for which the employee was removed and the efficiency of the service. *Crofoot v. United States Government Printing Office*, 761 F.2d 661, 664 (Fed.Cir.1985). The Board found that such nexus existed, reasoning that: "The Appellant's conduct posed a grave risk to the safety and well being of other employees and anyone else who happened to be passing by. Such a risk directly relates to the agency's ability to carry out its mission."

Mr. Shepel argues that the Board erred in sustaining the agency's action because he was not dismissed for violating a statute or agency regulation. He observes that most of the cases cited by the Board involve violation of statute or regulation, whereas the action for which he was discharged was accidental. However, there is no requirement that dismissals made pursuant to § 7513 be based on violation of statute or regulation; employees who impair the efficiency of agency operation in a way that was not anticipated in a formal regulation are no less subject to discipline. Although the agency characterized Mr. Shepel's conduct in terms of "unbecoming" and "inappropriate," he does not defend his unsafe use of a loaded firearm in the workplace. At issue is Mr. Shepel's judgment as manifested by his actions resulting in the accidental discharge of the firearm.

Mr. Shepel argues that in sustaining the penalty of removal, the Board failed to consider the factors set forth in *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313, 5 M.S.P.R. 280 (1981), and that his employment history should result in a less severe penalty. The *Douglas* factors, which must be considered in determining an appropriate penalty, include the presence or absence of mitigating circumstances; the seriousness of the offense; the employee's past disciplinary record, work record, and length of service; consistency of the penalty with the agency's table of penalties; whether the employee had notice of the rules violated; and whether the employee has potential for rehabilitation.

The administrative judge heard testimony as to all of the *Douglas* factors, and discussed several of them in her opinion. She ruled that the severity of the offense and the danger that it posed to other

employees outweighed any mitigation flowing from Mr. Shepel's employment history. She observed that his lack of remorse and refusal to be accountable for his actions indicated low potential for rehabilitation. There is no merit to Mr. Shepel's argument that the Board failed to consider the *Douglas* factors, or that they were applied incorrectly. The Board did not commit reversible error in concluding that the penalty of dismissal was appropriate in this case.

As further relief, Mr. Shepel asks us to lift the ban the agency has imposed upon Mr. Shepel's presence in the public areas of the Patent and Trademark Office. This action is not appealable to the Board, and is not subject to our review.